PYTHAGORAS DAVIS v. THE STATE.

No. 12367.   Delivered March 27, 1929.

The opinion states the case.

*Kirby, King,* and *Overshiner* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for seven years.

Appellant and prosecutrix are negroes.   Prosecutrix was under the age of fifteen years at the time of the alleged offense.   Prosecutrix testified that as she was going to her music lesson at about seven o'clock in the morning she met appellant and that he asked her to go with him to a wash shed nearby.   She said that she went

with appellant and that while in the wash shed with him he had sexual intercourse with her. The mother of prosecutrix testified that she saw prosecutrix and appellant go into the wash shed when prosecutrix was returning from her music lesson. Several weeks after the date of the alleged rape a physician examined the private parts of prosecutrix and found that she had been penetrated either in an act of sexual intercourse or by other means. The state offered testimony tending to show that appellant had sent a present to prosecutrix and that he had on other occasions associated with her. Prosecutrix testified that appellant gave her some medicine to prevent pregnancy. Appellant denied that he ever at any time had sexual intercourse with prosecutrix and declared that he and the family of prosecutrix had become estranged over a debt they owed him. Without further detailing the facts, it is observed that the issue of guilt was closely contested.

In his argument to the jury the district attorney stated in substance that appellant had burgalarized a house at night. Proper objection was made to this argument. The court in substance overruled the objection by stating, "Proceed with the argument." The argument was unsupported by the record and unwarranted. It was in effect the unsworn statement of the district attorney that appellant was a burglar as well as a rapist. The issue of guilt was closely contested. More than the minimum penalty was assessed. The jury were not instructed to disregard the argument. In the state of the record it cannot be said that such obviously improper remarks did not operate to the prejudice of appellant. Thomas v. State, 6 S. W. (2d) 118.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.