**Rudy Torres GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–01297–CR.**

Court of Appeals of Texas, Dallas.

March 27, 1984.

Rod L. Poirot, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Lown, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, STEWART and SHUMPERT, JJ.

STEWART, Justice.

Appellant was convicted of theft of property of the value of $200 or more but less than $10,000. He appeals this conviction, asserting twenty-four grounds of error. We affirm.

■ In his first ground of error, appellant contends that the evidence was insufficient to support the allegations in the indictment that the consent of Pauline Seibert was induced by deception. Seibert, an employee of Sears, Roebuck & Company, testified that on December 2, 1978, appellant presented her a Sears credit card in the name of Emma Elder for the purchase of a ruby and diamond ring. When asked for identification, appellant had none, but he stated that Emma Elder was his wife. Although Seibert was suspicious, she delivered the $700 ring to appellant when she received computer credit card approval and verbal approval from the Credit Department. Seibert further testified that she saw appellant sign "J. Elder" on the charge ticket for the ring.

The indictment in pertinent part reads: [I]n that the said consent was induced by deception, to-wit: the said defendant created and confirmed by words and conduct a false impression of fact that was likely to effect the judgment of Pauline Seibert in the transaction and that the said defendant did not believe to be true, to-wit: the said defendant used a credit card of a friend, Emma Elder, who had reported the credit card stolen, and the said defendant did not intend to pay for the said property, . . . .

Appellant construes this language to plead that he made representations to Seibert which created a false impression of fact in that he represented that he was using a friend's credit card, that the friend had reported it stolen, and that appellant did not intend to pay for the ring. He argues that, since there is no evidence showing that he made these representations to Seibert and, since the record affirmatively

shows that these alleged representations did not affect Seibert's judgment because she had no knowledge of them, the evidence is insufficient to prove consent induced by deception under TEX.PENAL CODE ANN. § 31.01(2)(A) (Vernon 1974).

We do not construe the indictment as alleging that such representations were made to Seibert. The language in the indictment pleads appellant's conduct, not representations, and it is his conduct which constituted the deception. The indictment charges that appellant created a false impression of fact by using the credit card of a friend, Emma Elder, who had reported the credit card stolen, and that he did not intend to pay. These allegations were proved by the testimony, not only of Seibert, but of other witnesses. A police officer testified that on December 4, 1978, he took a burglary report from Emma Elder who reported that her Sears credit card was stolen on December 1, 1978. Emma Elder corroborated the officer's testimony and further testified that she was engaged to appellant on the date of the offense. David Thornhill testified that the price of the ring in question was never paid. The evidence is sufficient to support the conviction.

■ In addition, appellant claims that the deception, if any, did not take place during the transaction and, therefore, it could not have affected Seibert's judgment in delivering the ring to him. *Gibson v. State*, 623 S.W.2d 324 (Tex.Cr.App.1981); *Cortez v. State*, 582 S.W.2d 119 (Tex.Cr.App.1979). These cases are not on point in view of our holding that it was appellant's conduct in presenting Elder's card without intent to pay for the ring which created the deception. This conduct patently occurred during the transaction.

■ In his tenth ground of error, appellant contends that he was improperly charged under TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1982–1983), the general theft statute, instead of the more specific statute prohibiting credit card abuse, TEX.PENAL CODE § 32.31 (Vernon 1974). Appellant relies on *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977), asserting that, where the same conduct is prohibited by two statutes, the specific controls over the general. These two statutes are in *pari materia*. The practice commentary to Section 32.31 recognizes that a violation of Section 32.31(b)(1) is also a theft under Section 31.03 or 31.04. Any conflict between the provisions of such statutes must be harmonized if possible to give effect to all provisions of each act. *Alejos v. State*, 555 S.W.2d 444, 449 (Tex.Cr.App.1977) (opinion on rehearing); *Ex parte Harrell*, 542 S.W.2d 169, 171–72 (Tex.Cr.App.1976). Further, the *pari materia* rule of the Code Construction Act provides that the special statute controls over the general only if there is an irreconcilable conflict between the two. TEX.REV.CIV.STAT.ANN. art. 5429b–2, § 3.06 (Vernon Supp.1982–1983). This section of the statute is made applicable to criminal cases through TEX.PENAL CODE ANN. § 1.05(b) (Vernon 1974).

■ Thus, we must determine if there is an irreconcilable conflict between the general theft statute and the credit card abuse statute. In the instant case, a violation of either statute is a third degree felony; therefore, we are not presented with a conflict in penalties where appellant was deprived of the benefit of a lower range of punishment as a result of being charged with the more general offense of theft and where the district court was deprived of jurisdiction because violation of the specific statute is classified as a misdemeanor versus a felony under the general. The lack of conflict in the penalties provided by the two statutes here distinguishes this case from *Tawfik v. State*, 643 S.W.2d 127, 129 (Tex.Cr.App.1982) (*en banc*); *Williams v. State*, 641 S.W.2d 236, 239 (Tex.Cr.App. 1982) (*en banc*); *Jones v. State*, 552 S.W.2d 836, 837 (Tex.Cr.App.1977); and *Ex Parte Harrell*, 542 S.W.2d 169, 173 (Tex. Cr.App.1976). In addition, although the elements of proof required under the two statutes are different, we hold that this difference alone is insufficient to constitute an "irreconcilable conflict" as required by the Code Construction Act's *pari materia*

rule. TEX.REV.CIV.STAT.ANN. art. 5429b–2, § 3.06 (Vernon Supp.1982–1983). Consequently, we further hold that the special statute of credit card abuse does not control over the general theft statute in this case. Ground of error ten is overruled.

Because the remainder of Garcia's grounds of error are not matters that require publication, we have set forth a discussion of those matters in a separate unpublished opinion. TEX.R.CIV.P. 452.

Judgment is affirmed.