

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 2, 2005

Mr. Robert Maxwell
Executive Director
Texas State Board of Plumbing Examiners
Post Office Box 4200
Austin, Texas 78765-4200

Opinion No. GA-0369

Re: Whether House Bill 3507 and Senate Bill 282 from the Seventy-eighth Legislature when read together create a conflict that was correctly interpreted by West in the 2004 edition of the Texas Occupations Code (RQ-0340-GA)

Dear Mr. Maxwell:

You ask "whether [House Bill] 3507, or Chapter 1276 of the Sessions Laws, [and Senate Bill] 282, or Chapter 819 of the Sessions Laws from the 78th legislative session when read together create a conflict that was correctly interpreted by West in the 2004 edition of the Occupations Code, or whether the two bills can be harmonized to provide the full range of amendments called for under [House Bill] 3507 and [Senate Bill] 282."[1] As explanation, you inform us that the Texas State Board of Plumbing Examiners (the "Board") was recently made aware that a discrepancy exists between two bills passed by the Seventy-eighth Legislature and their publication by Thomson West ("West") in the Texas Occupations Code. *See* Request Letter, *supra* note 1, at 1. You further relate that you initially sought informal advice from the General Counsel Division of the Office of the Attorney General about the meaning of the term "plumbing inspector." *See id.* You are concerned here about chapter 1301 of the Occupations Code as a whole and inquire whether other modifications in House Bill 3507 regarding different sections of chapter 1301 were given full effect in West's publication of the chapter. *See id.*

## I.    Background

The Plumbing License Law as contained in former article 6243-101 of the Revised Civil Statutes was amended by the Seventy-seventh Legislature. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 504, 2001 Tex. Gen. Laws 953, 953-61; Act of May 28, 2001, 77th Leg., R.S., ch. 791, 2001 Tex. Gen. Laws 1535, 1535-37. In the same legislative session, the Plumbing License Law was codified

---

[1]Letter from Mr. Robert L. Maxwell, Executive Director, Texas State Board of Plumbing Examiners, to Honorable Greg Abbott, Texas Attorney General at 1 (Apr. 26, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

as chapter 1301 of the Occupations Code and article 6243-101 was repealed. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1421, 2001 Tex. Gen. Laws 4570, 4787-97. The 2001 amendments to article 6243-101 of the Revised Civil Statutes were preserved and given effect as part of the Occupations Code. *See* TEX. GOV'T CODE ANN. § 311.031(c) (Vernon 2005) ("The repeal of a statute by a code does not affect the amendment, revision, or reenactment of the statute by the same legislature that enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised, or reenacted.").

House Bill 3507 and Senate Bill 282 were enacted in 2003 by the Seventy-eighth Legislature. House Bill 3507 was styled as an act "relating to nonsubstantive additions to and corrections in enacted codes, to the nonsubstantive codification or disposition of various laws omitted from enacted codes, and to conforming codifications enacted by the 77th Legislature to other acts of that legislature."[2] Act of May 20, 2003, 78th Leg., R.S., ch. 1276, 2003 Tex. Gen. Laws 4158, 4158. House Bill 3507 incorporated into chapter 1301 of the Occupations Code the 2001 amendments to the Plumbing License Law. *See id.* pt. 7, at 4363-72. Senate Bill 282 was styled an act "relating to the continuation and functions of the Texas State Board of Plumbing Examiners; providing penalties." Act of May 27, 2003, 78th Leg., R.S., ch. 819, 2003 Tex. Gen. Laws 2567, 2567. Senate Bill 282 resulted from the Sunset Advisory Commission's 2003 review of the Board. *See id.* (an act "relating to the continuation and functions of the Texas State Board of Plumbing Examiners"); *id.* § 2, at 2568 (relating to application of Sunset Act); *see also* SUNSET ADVISORY COMMISSION, SUMMARY OF LEGISLATION, 78TH LEGISLATURE, TEXAS STATE BOARD OF PLUMBING EXAMINERS (July 2003) ("Senate Bill 282 contains the Sunset Commission's recommendations . . . ."), *available at* http://www.sunset.state.tx.us/78threports/leg03/tsbpe.pdf (last visited Sept. 14, 2005). In addition to the amendments designed to respond to the Sunset Advisory Commission's recommendations, Senate Bill 282 also included some provisions incorporating changes made in the Seventy-seventh Legislature.

Both Senate Bill 282 and House Bill 3507 contemplate that where there is conflict between them, Senate Bill 282 prevails. House Bill 3507 provides that "[i]f any provision of this Act conflicts with a statute enacted by the 78th Legislature, Regular Session, 2003, the statute controls." Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 1.002(b), 2003 Tex. Gen. Laws 4158, 4158. Senate Bill 282 states that to the extent of any conflict, "this Act prevails over another Act of the 78th Legislature, Regular Session, 2003, relating to nonsubstantive additions to and corrections in enacted codes." Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 30, 2003 Tex. Gen. Laws 2567, 2579.

---

[2]Many amendments in House Bill 3507 were changes and modifications made in 2001 by chapters 504 and 791 of the Texas General Laws that were not included in the codified version of the Plumbing License Law. *Compare* Act of May 17, 2001, 77th Leg., R.S., ch. 504, 2001 Tex. Gen. Laws 953, *with* Act of May 28, 2001, 77th Leg., R.S., ch. 791, 2001 Tex. Gen. Laws 1535, *and* Act of May 22, 2001, 77th Leg., R.S., ch. 1421, 2001 Tex. Gen. Laws 4570. Despite the fact that they were not included in West's 2003 publication of the newly codified Occupations Code, the 2001 amendments made by chapters 504 and 791 were nonetheless part of the law. *See* TEX. GOV'T CODE ANN. § 311.031(c) (Vernon 2005).

In a letter to the Opinion Committee, West's Principal Attorney Editor stated that the "laws are not in conflict" and that "[b]oth laws should have been executed in 2003, and the amendments should have been merged to carry forth legislative intent."[3]  Additionally, West has indicated that chapter 1301 of the Occupations Code has been corrected on Westlaw, West's online service, and will be corrected in the 2005 Pocket Part to be released in October 2005.  *See* West Letter, *supra* note 3, at 1.  West acknowledges error only with respect to section 1301.002.  Your query pertains to chapter 1301 as a whole.  Relevant to our inquiry, the Code Construction Act provides that if "the language of the enrolled bill version of a statute conflicts with the language of any subsequent printing or reprinting of the statute, the language of the enrolled bill version controls."  *See* TEX. GOV'T CODE ANN. § 311.029 (Vernon 2005).  Thus, we will examine the provisions of House Bill 3507 and Senate Bill 282 contained in the session laws to independently construe the two bills and compare our construction to West's revised online publication of the chapter on Westlaw.[4]  *See* *Dillehey v. State*, 815 S.W.2d 623, 627 app. A (Tex. Crim. App. 1991) (stating the session laws are the full text of the final (enrolled) version of the bills passed by the Legislature).

## II.     Analysis

### A.     Statutory Construction

House Bill 3507 and Senate Bill 282 very clearly direct the outcome when provisions of the two bills conflict – the conflicting provision from Senate Bill 282 prevails.  *See* Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 1.002(b), 2003 Tex. Gen. Laws 4158, 4158; Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 30, 2003 Tex. Gen. Laws 2567, 2579; *supra* at p. 2.  However, to determine in the first instance whether there is a conflict we turn to the rules of statutory construction.

The goal of statutory construction is to give effect to the intent of the legislature, and courts accomplish this by looking to the plain and common meaning of the words and terms the legislature uses.  *See Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999).  We may also look to rules in the Code Construction Act.  *See* TEX. GOV'T CODE ANN. §§ 311.001, .023 (Vernon 2005); *Thiel v. Harris County Democratic Executive Comm.*, 534 S.W.2d 891, 894 (Tex. 1976).  The Code Construction Act presumes an entire statute is intended to be valid.  *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005).  The Code Construction Act further provides that when construing a statute, whether or not the statute is ambiguous on its face, a court may consider among other matters the object sought to be obtained and circumstances in which the statute was enacted.  *See id.* § 311.023(1)-(2).

---

[3]Letter from Kara Binderup, Principal Attorney Editor, Thomson West, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas (July 11, 2005) (on file with Opinion Committee) [hereinafter West Letter].

[4]We presume the published 2005 Pocket Part will be identical to the revised online version.

A "primary rule of statutory construction is that legislative enactments involving the same general subject matter and also possessing the same general purpose or purposes are considered to be and are construed to be in pari materia," and "are to be taken, read and construed together and effort should be made to harmonize, if possible so that they can stand together, and have concurrent efficacy." Tex. Att'y Gen. Op. No. JC-0342 (2001) at 3 (citing *Garrett v. Mercantile Nat'l Bank*, 168 S.W.2d 636, 637 (Tex. 1943), and *Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim. App. 1998)).

Because the two bills at issue contemplate possible conflicts between them, it is necessary to understand what constitutes an irreconcilable conflict. Mere difference is insufficient to constitute an irreconcilable conflict. *See Garcia v. State*, 669 S.W.2d 169, 171 (Tex. App.–Dallas 1984, writ ref'd). Irreconcilable conflict involves a direct conflict such that "it is impossible to comply with both provisions at the same time." Tex. Att'y Gen. LO-98-124, at 4 (citing *State v. Jackson*, 370 S.W.2d 797, 800 (Tex. Civ. App.–Houston [1st Dist.] 1963, *aff'd*, 376 S.W.2d 341 (Tex. 1964)).

## B.      Construction of House Bill 3507 and Senate Bill 282

In order to answer your question, we need to examine House Bill 3507 and Senate Bill 282 to determine whether there are provisions in one that are antagonistic to provisions in the other. Should we find conflicting provisions, we must resolve the conflict and then examine West's publication of chapter 1301 to determine whether it published the specific provision correctly.

Generally, the two bills are not antagonistic to each other. Most provisions in the two bills can easily be harmonized by simply giving effect to the bill that modifies or amends the provision. Thus, where Senate Bill 282 amends or modifies a section or subsection in chapter 1301 that is not amended or modified by House Bill 3507, the particular modification from Senate Bill 282 is the operative provision. Conversely, where House Bill 3507 amends or modifies a section or subsection of chapter 1301 and Senate Bill 282 does not, the amendment or modification in House Bill 3507 must be given full effect. Thus, the definitions added to section 1301.002 by House Bill 3507 but not contained in Senate Bill 282 should be included as part of the published Occupations Code. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 1276, § 14A.301(a), 2003 Tex. Gen. Laws 4158, 4363-65 (adding the terms "drain cleaner," "drain cleaner-restricted registrant," "residential utilities installer," and "tradesman plumber-limited license holder"). This conclusion is supported by the fact that all modified and new terms from House Bill 3507 are used elsewhere in chapter 1301. *See* TEX. OCC. CODE ANN. § 1301.002(4) (Vernon 2004) (utilizing the term "tradesman plumber-limited license holder" to define "plumber's apprentice"); *see also id.* § 1301.3575 (using the terms "drain cleaner," "drain cleaner-restricted registrant," "residential utilities installer"). Section 1301.002 has been modified in West's online version to include all of the defined terms and definitions added by House Bill 3507 and Senate Bill 282. *See* TEX. OCC. CODE ANN. § 1301.002 (Thomson/West, Westlaw through 2005 Regular Session, 79th Leg.).

Sections 1301.403 and 1301.451 are amended by both bills, but in each case the particular language of Senate Bill 282 includes the modifications made by House Bill 3507. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 819, §§ 21(a), 22(a), 2003 Tex. Gen. Laws 2567, 2574. We conclude,

pursuant to the directive to harmonize the two statutes, that there is no conflict between the two bills with respect to sections 1301.403 and 1301.451. Moreover, we observe in both instances that the version from Senate Bill 282 is the version published online by West. This is also the case with respect to the amendment of the term "plumber's apprentice" in section 1301.002. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 14A.301(a), 2003 Tex. Gen. Laws 4158, 4363; Act of May 27, 2003, 78th Leg., R.S., ch 819, § 1(a), 2003 Tex. Gen. Laws 2567, 2567. There is no conflict between House Bill 3507 and Senate Bill 282 and their treatment of the term. Section 1301.002 contained in West's online version of the chapter correctly contains the definition of "plumber's apprentice" as modified by Senate Bill 282. *See* TEX. OCC. CODE ANN. § 1301.002 (Thomson/West, Westlaw through 2005 Regular Session, 79th Leg.).

We are left with only three sections or subsections of chapter 1301 that are amended or modified by both House Bill 3507 and Senate Bill 282 and that potentially conflict. We will examine those provisions (sections 1301.052, 1301.258, and 1301.502) in turn to determine if they irreconcilably conflict such that the provision as contained in Senate Bill 282 should be the published provision.

> 1.   *Section 1301.052*

Section 1301.052 pertains to certain plumbing work for which no license is required. House Bill 3507 contains the following amendments:

> Sec. 1301.052. WORK [INSIDE OR] OUTSIDE MUNICIPALITIES. A person is not required to be licensed under this chapter to perform plumbing *on a property that is*:
>
> > (1) *located in a subdivision or on a tract of land that is not required to be platted under Section 232.0015, Local Government Code; or*
> >
> > (2) *not connected to a public water system and is located* outside a municipality[; or
> >
> > [(2) inside a municipality with fewer than 5,000 inhabitants, unless an ordinance of the municipality requires the person to be licensed].

Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 14A.302(a), 2003 Tex. Gen. Laws 4158, 4365 (amendments are in italics and strikeouts denote deleted language).

Senate Bill 282 modifies[5] the text as follows:

---

[5]The modifications in Senate Bill 282 do not begin with the language of the then-current Occupations Code. Instead, Senate Bill 282 modifies section 1301.052 as already amended by House Bill 3507. As it existed prior to House

(continued...)

Sec. 1301.052. WORK *INSIDE OR* OUTSIDE MUNICIPALITIES. A person is not required to be licensed under this chapter to perform plumbing, *other than plumbing performed in conjunction with new construction,* on a property that is:

(1) located in a subdivision or on a tract of land that is not required to be platted under Section 232.0015, Local Government Code; or

(2) not connected to a public water system and is located outside a municipality; *or*

*(3) located outside a municipality and connected to a public water system that does not require a license to perform plumbing; or*

*(4) inside a municipality with fewer than 5,000 inhabitants, unless an ordinance of the municipality requires the person to be licensed.*

Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 3(a), 2003 Tex. Gen. Laws 2567, 2568 (amendments are in italics and strikeouts denote deleted language). The language in subsection (4) added by Senate Bill 282 is identical to the language of subsection (2) that was deleted in House Bill 3507. In House Bill 3507, the legislature intended to remove the exception to the license requirement pertaining to work performed inside municipalities, and in Senate Bill 282 the legislature obviously intended to reinstate it. This aspect of the two bills is irreconcilable. One conducting plumbing work without a license inside specified municipalities would violate the Plumbing License Law under House Bill 3507, but not under Senate Bill 282. Similarly, Senate Bill 282 adds a proviso restricting the exception to existing structures that House Bill 3507 does not contain. A person conducting plumbing work without a license on property otherwise excepted under section 1301.052 but that was under construction would violate Senate Bill 282 and not House Bill 3507. Thus, due to the irreconcilable conflict, we conclude that the language of Senate Bill 282 prevails. Section 1301.052 in West's online version correctly contains the language from Senate Bill 282. *See* TEX. OCC. CODE ANN. § 1301.052 (Thomson/West, Westlaw through 2005 Regular Session, 79th Leg.).

---

[5](...continued)
Bill 3507, section 1301.052 stated that "A person is not required to be licensed under this chapter to perform plumbing: . . . outside a municipality; . . . ." Act of May 22, 2001, 77th Leg., R.S., ch. 1421, 2001 Tex. Gen. Laws 4570, 4787. House Bill 3507 added the language "on a property that is." Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 14A.302(a), 2003 Tex. Gen. Laws 4158, 4365. Yet, the "on a property that is" language is represented in Senate Bill 282 as unmodified. Had Senate Bill 282 been adding the language directly to section 1301.052, that particular language would have been represented as new by italics.

2.     *Section 1301.258*

Section 1301.258 concerns committees. House Bill 3507 added section 1301.258 with the following language:

> *Sec. 1301.258. ADVISORY COMMITTEES. The board may appoint advisory committees as it considers necessary. An advisory committee shall serve without compensation or reimbursement and is subject to Section 2110.008, Government Code.*

Act of May 20, 2003, 78th Leg., R.S., ch. 1276, §14A.305(b), 2003 Tex. Gen. Laws 4158, 4366. Senate Bill 282 also adds section 1301.258 but with completely different language:

> *Sec. 1301.258. BOARD COMMITTEES. (a) The board may create committees to assist the board in exercising its powers and duties.*
>
> *(b) The presiding officer of the board shall appoint the members of the committees. Except as provided by Subsection (c), each committee member must be a member of the board.*
>
> *(c) The presiding officer may appoint only members of the agency staff to an enforcement committee that reviews complaints and license registration and reviews endorsement applications submitted by applicants who have a criminal conviction history affected by Chapter 53.*

Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 13, 2003 Tex. Gen. Laws 2567, 2571. Section 1301.258 in each bill is entirely different, and provides for different kinds of committees. Thus, we must ascertain the intent of the legislature with respect to advisory committees and Board committees.

We begin with the plain language of the two provisions. *See Lenz*, 79 S.W.3d at 19; *Sinclair*, 984 S.W.2d at 960. We are also mindful of the directive to harmonize the two statutes where possible. *See* Tex. Att'y Gen. Op. No. JC-0342 (2001) at 3. Finally, Senate Bill 282 prevails only where there is a conflict, not just a difference. *See Garcia*, 669 S.W.2d at 171 (providing that mere difference is insufficient to constitute an irreconcilable conflict). Moreover, this office finds irreconcilable conflict only when "it is impossible to comply with both provisions at the same time." Tex. Att'y Gen. LO-98-124, at 4 (citing *Jackson*, 370 S.W.2d at 800). The plain language of the two sections reveals different but not conflicting committees. The Board could easily utilize both Board committees and advisory committees. It is not impossible to comply with both versions of section 1301.258 at the same time. We therefore conclude that the provisions of section 1301.258 in House Bill 3507 and Senate Bill 282 do not conflict.

Our conclusion is supported by the circumstances under which Senate Bill 282 was adopted. *See* TEX. GOV'T CODE ANN. § 311.023(1)-(2) (Vernon 2005). Senate Bill 282 enacts the recommendations of the Sunset Advisory Commission (the "Sunset Commission").[6] *See* Act of May 27, 2003, 78th Leg., R.S., ch. 819, 2003 Tex. Gen. Laws 2567, 2567 (an act "relating to the continuation and functions of the Texas State Board of Plumbing Examiners"); *id.* § 2 (relating to application of Sunset Act); *see also* SUNSET ADVISORY COMMISSION, SUMMARY OF LEGISLATION, 78TH LEGISLATURE, TEXAS STATE BOARD OF PLUMBING EXAMINERS 101 (July 2003) ("Senate Bill 282 contains the Sunset Commission's recommendations . . . ."), *available at* http://www.sunset .state.tx.us/78threports/leg03/tsbpe.pdf (last visited Sept. 14, 2005). As the Sunset Commission reviewed the statute governing the Board it did so against the backdrop of the 2001 legislation and codification. *See* SUNSET ADVISORY COMMISSION, STAFF REPORT, TEXAS STATE BOARD OF PLUMBING EXAMINERS, SUMMARY AND AGENCY INFORMATION at 1, 40 (Aug. 2002), *available at* http://www.sunset.state.tx.us/78threports/tsbpe/tsbpe.pdf (last visited Sept. 14, 2005); *see also supra* note 2. At the time of the Sunset Commission review, the Occupations Code provided exclusively for advisory committees and did not include Board committees. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 504, § 5, 2001 Tex. Gen. Laws 953, 956-57. The Sunset Commission was critical of the Board's use of committees because the presence of agency staff on them created "an improper delegation of authority." *See* SUNSET ADVISORY COMMISSION, REPORT TO THE 78TH LEGISLATURE, TEXAS STATE BOARD OF PLUMBING EXAMINERS at 216 (Feb. 2003), *available at* http://www .sunset.state.tx.us/78threports/final78/tsbpe.pdf (last visited Sept. 14, 2005). In response, Senate Bill 282 expressly authorized Board committees and limited committee membership to Board members.[7] *See* Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 13, 2003 Tex. Gen. Laws 2567, 2571. In addition, Senate Bill 282 expressly defined that the role of Board committees was to "assist the board in exercising its powers and duties." *Id.* It appears this express language was included to address the Sunset Commission's concerns about the Board's use of committees. Moreover, the Sunset Advisory Commission Staff Report acknowledges that the "Board would still be able to receive the advice and expertise it needs on policy issues through the use of advisory committees." *See* SUNSET ADVISORY COMMISSION, STAFF REPORT, ISSUE 2, TEXAS STATE BOARD OF PLUMBING EXAMINERS at 16 (Aug. 2002), *available at* http://www.sunset.state.tx.us/78threports/tsbpe/tsbpe.pdf (last visited Sept. 14, 2005).

We believe chapter 1301 should be read with two versions of section 1301.258 authorizing both advisory and board committees. West's online version of the section incorrectly only contains board committees as authorized by Senate Bill 282. *See* TEX. OCC. CODE ANN. § 1301.258 (Thomson/West, Westlaw through 2005 Regular Session, 79th Leg.).

---

[6]"[T]he commission shall: . . . (3) conduct a performance evaluation of the agency based on the [specified criteria] and prepare a written report." TEX. GOV'T CODE ANN. § 325.008(a) (Vernon 2005).

[7]Senate Bill 282 authorizes enforcement committees. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 13, 2003 Tex. Gen. Laws 2567, 2571. In keeping with the Sunset Advisory Commission's comments, our analysis and conclusions do not impact the Board's enforcement committees. *See* SUNSET ADVISORY COMMISSION, TEXAS STATE BOARD OF PLUMBING EXAMINERS, STAFF REPORT, ISSUE 2, at 16 (Aug. 2002) (change in board committees "would not apply to the Board's current enforcement committee").

3.    *Section 1301.502*

The two versions of section 1301.502 differ by one word. Section 1301.502 authorizes certain persons to issue a citation to a person engaged in certain conduct. *See* TEX. OCC. CODE ANN. § 1301.502 (Vernon 2004). House Bill 3507 amends section 1301.502 to provide that certain persons "shall" issue a citation. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 1276, § 14A.309(d), 2003 Tex. Gen. Laws 4158, 4369. By contrast, Senate Bill 282 amends the section to provide that certain persons "may" issue a citation. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 24, 2003 Tex. Gen. Laws 2567, 2575. The permissive authorization in Senate Bill 282 conflicts with the mandatory authorization of House Bill 3507. One witnessing behavior for which a citation is warranted is authorized, but not required, to issue the citation under Senate Bill 282. However, failure to issue the citation would violate the mandatory terms of House Bill 3507. Because we conclude that House Bill 3507 and Senate Bill 282 conflict with regard to section 1301.502, the provision from Senate Bill 282 is the prevailing provision. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 819, § 30, 2003 Tex. Gen. Laws 2567, 2579. Both the online statute and the bound version published by West correctly include the provision contained in Senate Bill 282. *See* TEX. OCC. CODE ANN. § 1301.502 (Thomson/West, Westlaw through 2005 Regular Session, 79th Leg.); TEX. OCC. CODE ANN. § 1301.502 (Vernon 2004).

## III.    <u>Conclusion</u>

For the most part, the conflicts between House Bill 3507 and Senate Bill 282 as they amend chapter 1301, Texas Occupations Code, have been correctly construed by West in its 2004 publication of the Code. Only with respect to sections 1301.002 and 1301.258 do we find that West's bound publication is incorrect. West's recently revised online version of section 1301.002 on Westlaw correctly represents section 1301.002 with the full range of amendments from House Bill 3507 and Senate Bill 282. However, section 1301.258 should also be revised to include both types of committees from House Bill 3507 and Senate Bill 282.

# S U M M A R Y

The Seventy-eighth Legislature amended chapter 1301, Texas Occupations Code, with the enactment of House Bill 3507 and Senate Bill 282. Both bills recognized that in the event of conflict between them, the provisions of Senate Bill 282 would prevail. Generally, the provisions of the two bills are not antagonistic to each other. However, there are three instances where a provision of chapter 1301 is amended by both bills.

Of the three, only sections 1301.002 and 1301.258, as published by West in its 2004 edition of the Occupations Code, do not contain the full range of amendments from House Bill 3507. Because there is no conflict between the provisions of House Bill 3507 and Senate Bill 282 in their treatment of sections 1301.002 and 1301.258, the Occupations Code should be read to include the amendments contained in both bills. West's recently revised online version of section 1301.002 on Westlaw contains the full range of amendments from House Bill 3507. However, with respect to section 1301.258, West's online version on Westlaw still incorrectly omits the amendments made by House Bill 3507.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee