ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 13, 2006

Mr. E.G. Rod Pittman
Chair, Texas Water Development Board
Post Office Box 13231
Austin, Texas 78711-3231

Opinion No. GA-0411

Re: Possible conflict between two versions of sections 16.341 and 17.923 of the Water Code, as amended by House Bill 467 and Senate Bill 425, both adopted during the Seventy-ninth Legislature (RQ-0394-GA)

Dear Mr. Pittman:

The Texas Water Development Board (the "Board") asks us to resolve perceived conflicts between two versions of section 16.341 of the Water Code, pertaining to water supply and sewer services in economically distressed areas, and section 17.923 of the same code, which concerns financial assistance to economically distressed counties for water supply and sewer services.[1] The two statutes were amended twice during the Seventy-ninth Legislature, first by Senate Bill 425 on May 25, 2005 and subsequently by House Bill 467 on May 27, 2005.[2] The Board suggests that the bills amended sections 16.341 and 17.923 in different, inconsistent ways and asks which version of these statutes state agencies and political subdivisions should follow. See Request Letter, supra note 1, at 1.

Water Code chapter 16, subchapter J, for which section 16.341 defines terms, and chapter 17, subchapter K, of which section 17.923 is a part, were adopted together in 1989 as part of a large bill intended to provide for the improvement of water supply and sewer systems in the border colonias and other economically distressed areas in border counties. See TEX. WATER CODE ANN. §§ 16.341–.356 (Vernon 2000 & Supp. 2005); id. §§ 17.921–.936.[3] A reading of chapter 16, subchapter J and chapter 17, subchapter K suggests that the two are intertwined. Section 16.343(a)

---

[1]See Letter from J. Kevin Ward, Executive Administrator, on behalf of E.G. Rod Pittman, Chair, Texas Water Development Board, to Honorable Greg Abbott, Attorney General of Texas (Sept. 14, 2005) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]See Act of May 25, 2005, 79th Leg., R.S., ch. 708, §§ 15, 16, 2005 Tex. Gen. Laws 1724, 1728–29 (Senate Bill 425); Act of May 27, 2005, 79th Leg., R.S., ch. 927, §§ 2, 15, 2005 Tex. Gen. Laws 3166, 3166–67, 3171 (House Bill 467).

[3]Adopted by Act of May 28, 1989, 71st Leg., R.S., ch. 624, §§ 2.13, .21, 1989 Tex. Gen. Laws 2063, 2067–72, 2078–82.

requires the Board to adopt model rules to assure that water supply and sewer services in residential areas of political subdivisions meet minimum standards for safety and sanitation. *See id.* § 16.343(a) (Vernon Supp. 2005). Section 17.922 permits the Board to provide financial assistance to a county to construct, acquire, or improve water supply and sewer services, but only if the county has adopted the Board's model rules, promulgated under section 16.343(a). *See id.* § 17.922(a); *id.* § 17.921(3) (defining "political subdivision"); *id.* § 17.921(6) (defining "economically distressed areas account"); *id.* § 16.350(a) (Vernon 2000) (requiring a county or municipality to adopt the Board's model rules to participate in the financial assistance program). Section 16.345(a) authorizes a county to participate in the financial assistance program established under chapter 17, subchapter K. *See id.* § 16.345(a). A county that receives financial assistance under section 17.922 may use the money to "construct, contract for construction, operate or contract" for the operation of water supply or sewer services or facilities. *See id.* § 16.355.

## I.   General Principles

Under the Code Construction Act, if the same session of the legislature amends the same statute multiple times, each amendment without reference to the other, we typically must harmonize the amendments "if possible, so that effect may be given to each." *See* TEX. GOV'T CODE ANN. § 311.025(b) (Vernon 2005). "If the amendments are irreconcilable," however, the later enacted amendment prevails. *Id.* § 311.025(a)–(b). In determining a statute's date of enactment, "the date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute." *Id.* § 311.025(d); *see also id.* § 311.025(e) (providing for cases in which the journals or other legislative records fail to disclose relative dates of enactment). Consequently, to the extent the sections are in irreconcilable conflict, the later enacted provisions—those adopted on May 27, 2005 by the adoption of House Bill 467—generally prevail. *See id.* § 311.025(a)–(b).

Mere difference does not constitute an irreconcilable conflict. *See Garcia v. State*, 669 S.W.2d 169, 171 (Tex. App.—Dallas 1984, pet. ref'd); Tex. Att'y Gen. Op. No. GA-0369 (2005) at 4. "Irreconcilable conflict involves a direct conflict such that 'it is impossible to comply with both provisions at the same time.'" Tex. Att'y Gen. Op. No. GA-0369 (2005) at 4 (quoting Tex. Att'y Gen. LO-98-124, at 4).

## II.   Water Code Section 16.341(1), Defining the Term "Affected County"

We consider first the amendments to section 16.341's definition of "affected county." Many provisions in chapter 16, subchapter J apply to a political subdivision, which is defined to include an affected county. *See* TEX. WATER CODE ANN. § 16.341(3) (Vernon Supp. 2005).[4] Thus, the definition of "affected county" in section 16.341 is important in restricting the class of counties that can participate in the program established by chapter 16, subchapter J.

---

[4]*See, e.g.*, TEX. WATER CODE ANN. § 16.343(a) (Vernon Supp. 2005) (requiring the Board to adopt model rules to assure that minimum safety and sanitation standards are met "in residential areas of political subdivisions"); *id.* § 16.345(a) (Vernon 2000) (authorizing a political subdivision to participate in a program under chapter 17, subchapter K); *id.* § 16.347(b) (authorizing a political subdivision that has applied for financial assistance under chapter 17, subchapter K to "impose a distressed areas water financing fee").

Prior to its amendment in 2005, the definition of the term "affected county" was limited to counties (1) with below average per capita income and above average unemployment or (2) that are adjacent to the international border.[5] Senate Bill 425 amended the definition of "affected county" to enlarge the category of counties to include certain counties located within 100 miles of an international border:

> (1)   "Affected county" means a county:
>
> (A)   that has a per capita income that averaged 25 percent below the state average for the most recent three consecutive years for which statistics are available and an unemployment rate that averaged 25 percent above the state average for the most recent three consecutive years for which statistics are available; [or]
>
> (B)   that is adjacent to an international border; *or*
>
> *(C)   that is located in whole or in part within 100 miles of an international border and contains the majority of the area of a municipality with a population of more than 250,000.*

Act of May 25, 2005, 79th Leg., R.S., ch. 708, § 15, 2005 Tex. Gen. Laws 1724, 1728–29 (Senate Bill 425, *now codified at* Water Code section 16.341(1)) (strikeout indicates deleted language; emphasis indicates new language). House Bill 467 also amended the definition of "affected county," but did so in part by deleting all geographic criteria:

> (1)   "Affected county" means a county[:
>
> [(A)]   that has *an economically distressed area which has a median household income that is not greater than 75 percent of the median state household income.* [a per capita income that averaged 25 percent below the state average for the most recent three consecutive years . . . and an unemployment rate that averaged 25 percent above the state average for the most recent three consecutive years . . . ; or
>
> [(B)   that is adjacent to an international border.]

Act of May 27, 2005, 79th Leg., R.S., ch. 927, § 2, 2005 Tex. Gen. Laws 3166, 3166–67 (House Bill 467, *now codified at* Water Code section 16.341(1)) (strikeout indicates deleted language; emphasis indicates new language). Water Code section 17.921 defines the term "economically distressed area" used in House Bill 467 without reference to the area's geographic location:

---

[5]*See* Act of May 28, 1989, 71st Leg., R.S., ch. 624, § 2.13, 1989 Tex. Gen. Laws 2063, 2067.

(1)     "Economically distressed area" means an area in which:

(A)     water supply or sewer services are inadequate to meet minimal needs of residential users as defined by [Board] rules;

(B)     financial resources are inadequate to provide water supply or sewer services that will satisfy those needs; and

(C)     an established residential subdivision was located on June 1, 2005, as determined by the [Board].

TEX. WATER CODE ANN. § 17.921(1) (Vernon Supp. 2005); *see also id.* § 16.341(2) (defining "economically distressed area" to have the meaning section 17.921 assigns); *id.* § 17.001(1) (Vernon 2000) (defining "Board").

The two versions of section 16.341's definition of the phrase "affected county" differ in three respects. First, Senate Bill 425 retains the economic requirement from the pre-2005 definition, so that an affected county has "a per capita income that averaged 25 percent below the state average . . . and an unemployment rate that averaged 25 percent above the state average . . . ." Act of May 25, 2005, 79th Leg., R.S., ch. 708, § 15, 2005 Tex. Gen. Laws 1724, 1728–29 (Senate Bill 425, *now codified at* Water Code section 16.341(1)(A)). House Bill 467, on the other hand, changes the economic requirement to a county with "an economically distressed area [as defined by section 17.921] which has a median household income that is not greater than 75 percent of the median state household income." Act of May 27, 2005, 79th Leg., R.S., ch. 927, § 2, 2005 Tex. Gen. Laws 3166, 3166–67 (House Bill 467, *now codified at* Water Code section 16.341(1)). Second, House Bill 467 eliminates the requirement that a county's unemployment rate be ascertained. *See id.* And third, Senate Bill 425 includes counties adjacent to an international border and certain counties within 100 miles of an international border without regard to economic and unemployment factors. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 708, § 15, 2005 Tex. Gen. Laws 1724, 1729 (Senate Bill 425, *now codified at* Water Code section 16.341(1)(B)–(C)). By contrast, House Bill 467 requires an analysis of economic factors with respect to all counties. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 927, § 2, 2005 Tex. Gen. Laws 3166, 3166–67 (House Bill 467, *now codified at* Water Code section 16.341(1)).

We believe the two versions of section 16.341's definition of affected county are in irreconcilable conflict. The required economic analyses of income—"a per capita income that averaged 25 percent below the state average" as compared to "a median household income that is not greater than 75 percent of the median state household income"—use different figures in their calculations: per capita income as opposed to household income, and the state average as opposed to the median state household income. Moreover, one definition requires that the unemployment rate be factored in, while the other does not. And with respect to the class of counties that are authorized to receive financial assistance for water supply and sewer services, a county that is (1) adjacent to an international border or (2) located within 100 miles of such a border and containing the majority of the area of a municipality with a population greater than 250,000 automatically qualifies as an

affected county without an analysis of economic factors under Senate Bill 425 but not under House Bill 467.[6]

Because these two definitions cannot be harmonized, the later enacted provision prevails. *See* TEX. GOV'T CODE ANN. § 311.025(b) (Vernon 2005) (directing that a later enacted amendment prevails over irreconcilable amendments). The final legislative vote on Senate Bill 425 was taken on May 25, 2005, while the final legislative vote on House Bill 467 was taken on May 27, 2005.[7]

Consequently, section 16.341(1) as adopted by House Bill 467 on May 27, 2005, with no unemployment requirement and no geographic requirement, prevails over the amendment adopted on May 25, 2005 in Senate Bill 425. The prevailing version of section 16.341(1) defines the term "affected county" as "a county that has an economically distressed area which has a median household income that is not greater than 75 percent of the median state household income." TEX. WATER CODE ANN. § 16.341(1) (Vernon Supp. 2005).[8] Thus, counties located adjacent to or within 100 miles of an international border are not automatically qualified as an affected county.

## III.    Water Code Section 17.923

The Board also asks about apparently inconsistent amendments to section 17.923 made by Senate Bill 425 and House Bill 467. *See* Request Letter, *supra* note 1, at 1. Prior to its amendment in 2005, section 17.923 limited the set of counties that could receive financial assistance under section 17.922 to counties that:

> (1)  ... have a per capita income that averaged 25 percent below the state average for the most recent three consecutive years for which statistics are available and an unemployment rate that averaged 25 percent above the state average for the most recent three consecutive years for which statistics are available; or

> (2)  ... [are] located adjacent to an international border.[9]

---

[6]*Compare* Act of May 25, 2005, 79th Leg., R.S., ch. 708, § 15, 2005 Tex. Gen. Laws 1724, 1728–29 (Senate Bill 425, *now codified at* Water Code section 16.341(1)(B), (C)), *with* Act of May 27, 2005, 79th Leg., R.S., ch. 927, § 2, 2005 Tex. Gen. Laws 3166, 3166–67 (House Bill 467, *now codified at* Water Code section 16.341(1)).

[7]*See* Act of May 25, 2005, 79th Leg., R.S., ch. 708, §§ 15, 16, 2005 Tex. Gen. Laws 1724, 1728–29 (Senate Bill 425); Act of May 27, 2005, 79th Leg., R.S., ch. 927, §§ 2, 15, 2005 Tex. Gen. Laws 3166, 3166–67, 3171 (House Bill 467); *see also* TEX. GOV'T CODE ANN. § 311.025(d) (Vernon 2005) (providing that "the date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute").

[8]*Amended by* Act of May 27, 2005, 79th Leg., R.S., ch. 927, § 2, 2005 Tex. Gen. Laws 3166, 3166–67 (House Bill 467).

[9]Act of May 28, 1989, 71st Leg., R.S., ch. 624, § 2.21, sec. 17.883, 1989 Tex. Gen. Laws 2063, 2078, *renumbered by* Act of June 6, 1990, 71st Leg., 6th C.S., ch. 12, § 2(36), sec. 17.923, 1990 Tex. Gen. Laws 88, 90.

Senate Bill 425 added a third consideration, thereby including counties that are "located in whole or in part within 100 miles of an international border and contain the majority of the area of a municipality with a population of more than 250,000." Act of May 25, 2005, 79th Leg., R.S., ch. 708, § 16, 2005 Tex. Gen. Laws 1724, 1729 (Senate Bill 425, *now codified at* Water Code section 17.923). By contrast, House Bill 467 repealed section 17.923 in its entirety. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 927, § 15, 2005 Tex. Gen. Laws 3166, 3171 (House Bill 467 repealing section 17.923).

We note that the publisher West Group construes House Bill 467 to have repealed section 17.923 as it existed before the 2005 legislative session but not the additional, third consideration that Senate Bill 425 added. Thus, as published in the West supplement, "[t]o be eligible for financial assistance under this subchapter, a county . . . must be located in whole or in part within 100 miles of an international border and contain the majority of the area of a municipality with a population of more than 250,000." TEX. WATER CODE ANN. § 17.923(3) (Vernon Supp. 2005). The electronic sources, Westlaw and LEXIS, publish section 17.923 in the same way.[10] (Westlaw and LEXIS current through the end of the 2005 second called session of the Seventy-ninth Legislature).

In our opinion, the two bills are irreconcilable vis-à-vis section 17.923. The repealer was obviously intended to eliminate all requirements of eligibility for financial assistance under section 17.922 and is therefore inconsistent with the requirements articulated in Senate Bill 425.

In an analogous 1988 case, *State v. Preslar*, the Texas Supreme Court suggested that a later enacted statute that purports to repeal earlier enacted amendments to the same statute in fact repeals the earlier amendments only if "all the circumstances surrounding" the two statutes' adoption indicate that the legislature intended to repeal the statute. *State v. Preslar*, 751 S.W.2d 477, 482 (Tex. 1988). In *Preslar* the court determined on the basis of all the evidence that a later enacted repealer of Government Code section 74.053(b) did not, in fact, repeal conflicting earlier enacted amendments. *See id.* The court did not, in so finding, strictly follow the Code Construction Act's injunction that the later enacted provision prevails over an irreconcilable, earlier enacted provision. *See* TEX. GOV'T CODE ANN. § 311.025(a)–(b) (Vernon 2005). Following *Preslar*, we look not only at the relative dates of enactment of the amendment and the repealer but also at the totality of the circumstances surrounding the adoption of the two provisions.

The circumstances surrounding the adoption of Senate Bill 425 and House Bill 467, along with other evidence, indicate that the complete repeal of section 17.923 is most consistent with the legislature's intent. It appears from written legislative materials that the enlargement of the class of counties eligible for financial assistance under chapter 17 to counties "located . . . within 100 miles of an international border and contain[ing] the majority of the area of a municipality with a

---

[10]Without referring to the repeal of section 17.923 by House Bill 467, Westlaw notes that Senate Bill 425 "amended the section by adding subd. (3) and making other nonsubstantive changes." LEXIS notes that House Bill 467 purported to repeal section 17.923 while Senate Bill 425 amended the same section. LEXIS continues: "The conflict between these provisions has not been reconciled."

population of more than 250,000"[11] was intended to include primarily Nueces County. *See* FISCAL NOTE, Tex. S.B. 425, 79th Leg., R.S. (2005) ("Nueces County is currently the only county to which the specification applies . . . ."). House Bill 467 as enacted embodies, in large part, the remains of Senate Bill 964, which stalled in the House Calendars Committee.[12] Senate Bill 964, authored by Senator Lucio, was a product of interim meetings of the Texas Senate Committee on International Relations and Trade. *See* Lucio Letter, *supra* note 12, at 2; *see also* SENATE COMM. ON INTERNATIONAL RELATIONS AND TRADE, INTERIM REPORT 104–05 (Dec. 2004). The interim report indicates that sections 16.341 and 17.923 required amendment in part because counties that satisfied the existing required calculation of average per capita income and unemployment rates "varied year-by-year," and the Board's ability to identify "potential applicants" was therefore "hampered." SENATE COMM. ON INTERNATIONAL RELATIONS AND TRADE, INTERIM REPORT 105 (Dec. 2004). Changes in the eligibility criteria were advisable also to "arriv[e] at greater consistency between state and federal water/wastewater programs." *Id.*

The totality of the circumstances surrounding the two bills leads us to conclude that the repealer eliminated the whole of section 17.923, including subsection (3). Although House Bill 467 arguably did not repeal subsection (3), which was adopted by Senate Bill 425 and which would not take effect until September 1, 2005, the bill repealed the introductory clause: "To be eligible for financial assistance under this subchapter, a county . . . ."[13] Without this sentence fragment, subsection (3) as adopted by Senate Bill 425 has no meaning. And given the historically close relationship between chapter 16, subchapter J and chapter 17, subchapter K, we believe it likely that the legislature intended the same eligibility standards to apply in both contexts. For this reason, section 17.923 has been completely repealed; the version published by West Group and LEXIS is incorrect.

---

[11]*See* Act of May 25, 2005, 79th Leg., R.S., ch. 708, § 16, 2005 Tex. Gen. Laws 1724, 1729 (Senate Bill 425).

[12]*See* Letter from Honorable Eddie Lucio Jr., Chair, Committee on International Relations and Trade, Texas State Senate, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 2 (Oct. 21, 2005) (on file with the Opinion Committee) (recounting how "all the provisions of" Senate Bill 964 were amended onto House Bill 467) [hereinafter Lucio Letter].

[13]Act of May 28, 1989, 71st Leg., R.S., ch. 624, § 2.21, sec. 17.883, 1989 Tex. Gen. Laws 2063, 2078, *renumbered by* Act of June 6, 1990, 71st Leg., 6th C.S., ch. 12, § 2(36), sec. 17.923, 1990 Tex. Gen. Laws 88, 90, *repealed by* Act of May 27, 2005, 79th Leg., R.S., ch. 927, § 15, 2005 Tex. Gen. Laws 3166, 3171 (House Bill 467).

## S U M M A R Y

Water Code section 16.341(1) as adopted on May 27, 2005 by the passage of House Bill 467 prevails over the conflicting section 16.341(1) as adopted on May 25, 2005 by the passage of Senate Bill 425.

Water Code section 17.923 has been repealed in its entirety.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee