ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 12, 2014

Mr. Michael Williams
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-1079

Re: The authority of members of a governmental body to participate in a meeting by videoconference call under section 551.127 of the Government Code (RQ-1191-GA)

Dear Commissioner Williams:

You ask about the meetings of an open-enrollment charter school's governing board, primarily about the board's authority to meet by videoconference call under the Open Meetings Act (the "Act").[1] However, you first ask about in-person meetings and whether "the governing board of an open-enrollment charter school [may] conduct a meeting outside of the geographic service area of the open-enrollment charter." *Id.* at 2; TEX. EDUC. CODE ANN. § 12.111(a)(13) (West Supp. 2013) (requiring an open-enrollment charter school to designate the geographic area its programs will serve).

Section 26.007 of the Education Code requires a school district's board of trustees to "hold each public meeting of the board within the boundaries of the district." TEX. EDUC. CODE ANN. § 26.007(b) (West 2012). The Education Code applies to open-enrollment charter schools, however, "only to the extent . . . specifically provided" by statute. *Id.* § 12.103(b). It does not specifically provide that section 26.007 applies to open-enrollment charter schools. *See id.* § 12.104(b) (West Supp. 2013) (listing the specific applicable provisions of the Education Code, which does not include chapter 26). The Education Code does, however, require open-enrollment charter schools to comply with the Act. *Id.* § 12.1051 (West 2012). The Act does not expressly authorize a governmental body to conduct an in-person meeting outside of the governmental body's territory. *See generally* TEX. GOV'T CODE ANN. §§ 551.001–.146 (West 2012 & Supp. 2013). As this office has explained, the Act's requirements that meetings must be open to the public necessarily means that a governmental body's meetings must be held at a

[1]Letter from Michael Williams, Comm'r of Educ., Tex. Educ. Agency, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Mar. 12, 2014), https://www.texasattorneygeneral.gov/opin ("Request Letter").

location that is physically accessible to the public. *See* Tex. Att'y Gen. Op. Nos. JC-0487 (2002) at 2–3, JC-0053 (1999) at 5–6. While accessibility will depend on particular facts, a meeting location within a governmental body's territorial boundaries will likely satisfy the Act's accessibility requirement, while one outside of the governmental body's boundaries may not. *See* Tex. Att'y Gen. Op. No. JC-0053 (1999) at 6 (recognizing the question is fact intensive but concluding in the opinion that the facts did not authorize an out-of-state meeting for a governmental body with statewide jurisdiction). Thus, we cannot conclude as a matter of law that an open-enrollment charter school's governing board may conduct an in-person open meeting in compliance with the Act beyond its geographic service area.

Your remaining questions involve videoconference call meetings conducted under section 551.127 of the Government Code. Request Letter at 2. Your second question is whether "the board of an open-enrollment charter school [may] conduct a meeting by videoconference under Subsection 551.127(c) if the geographic service area of the open-enrollment charter school does not extend into three or more counties." *Id.* Your third and fourth questions inquire whether members of the board may participate in a videoconference call meeting from "locations outside of the geographic service area" and from "locations outside of the state." *Id.*

The Act provides that a "meeting may be held by videoconference call only if a quorum of the governmental body is physically present at one location of the meeting, except as provided by Subsection (c)." TEX. GOV'T CODE ANN. § 551.127(b) (West Supp. 2013); *see also id.* § 551.127(a-1) (authorizing remote participation by a member of a governmental body); Tex. Att'y Gen. Op. No. JC-0487 (2002) at 7 (recognizing the limited extent that videoconferencing may "substitute for in-person meetings"). Subsection (c) is an express exception to the requirement that a quorum of a governmental body must be physically present at a meeting. *See* TEX. GOV'T CODE ANN. § 551.127(c) (West Supp. 2013). Subsection (c) was amended by two bills enacted by the Eighty-third Legislature. *See* Act of May 23, 2013, 83rd Leg., R.S., ch. 685, § 2, 2013 Tex. Gen. Laws 1782, 1782–83 ("House Bill 2414"); Act of May 8, 2013, 83rd Leg., R.S., ch. 159, § 1, 2013 Tex. Gen. Laws 598, 598 ("Senate Bill 984"). Subsection (c) in Senate Bill 984 provides that "[a] meeting of a *state governmental body or a governmental body that extends into three or more counties* may be held by videoconference call only if the member of the governmental body presiding over the meeting is physically present at one location of the meeting that is open to the public." Senate Bill 984, § 1 (emphasis added). Subsection (c) in House Bill 2414 provides that "[a] meeting of a *governmental body* may be held by videoconference call only if:

> (1) the governmental body makes available to the public at least one suitable physical space located in or within a reasonable distance of the geographic jurisdiction, if any, of the governmental body . . . ; [and]

> (2) the member of the governmental body presiding over the meeting is present at that physical space . . . .

House Bill 2414, § 2 (emphasis added). The two bills facially apply to different types of governmental bodies and your remaining questions implicate that difference.[2]

The rules of statutory construction provide that "[i]f amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE ANN. § 311.025(b) (West 2013); *see also Wright v. Broeter*, 196 S.W.2d 82, 85 (Tex. 1946) (orig. proceeding). Repeal by implication is not favored, and will be found only if the conflict between the contemporaneous statutes is irreconcilable. *Wright*, 196 S.W.2d at 85, *Cain v. State*, 20 Tex. 355, 1857 WL 5252, at *4 (Tex. 1857) (noting limited circumstances justifying a presumption that the Legislature intended its acts passed at the same session to "abrogate and annul one another"). This office recognizes that an "irreconcilable conflict exists when it is impossible to comply with both provisions at the same time." Tex. Att'y Gen. Op. Nos. GA-1035 (2014) at 2, GA-0369 (2005) at 4 (relying on *State v. Jackson*, 370 S.W.2d 797, 800 (Tex. Civ. App.—Houston [1st Dist.] 1963), *aff'd*, 376 S.W.2d 341 (Tex. 1964)). Mindful of these rules, we consider subsection (c) in the respective bills.

The two bills neither refer to each other nor contain language suggesting a repeal of the other. Subsection (c) from House Bill 2414 applies to all governmental bodies and limits the physical space for the videoconference call meeting to a "location in or within a reasonable distance" of the governmental body's geographic territory. House Bill 2414, § 2 ("A meeting of a governmental body may be held by videoconference call *only* if . . . .") (emphasis added). Senate Bill 984's subsection (c) contains no express geographic territory limitation and applies to the subset of all governmental bodies that are state governmental bodies or governmental bodies that extend into three or more counties. Senate Bill 984, § 1. A mere difference between the two bills is "insufficient to constitute an irreconcilable conflict." *Garcia v. State*, 669 S.W.2d 169, 171 (Tex. App.—Dallas 1984, pet. ref'd). Though treated separately by Senate Bill 984, those governmental bodies that are state governmental bodies or governmental bodies that extend into three or more counties are nonetheless "governmental bodies" under chapter 551. As such, they are also subject to House Bill 2414's subsection (c), which is generally applicable to all governmental bodies. The two bills can be harmonized under a construction that requires state governmental bodies or governmental bodies that extend into three or more counties to conform their videoconference call meetings to both subsection (c) from House Bill 2414 and subsection (c) from Senate Bill 984. Thus, videoconference call meetings of state governmental bodies or governmental bodies that extend into three or more counties are limited to a location in or within a reasonable distance of their geographic territory.

---

[2]You ask us to assume in this opinion that all requirements for public notice and technical standards have been met. *See* Request Letter at 2 n.9. Thus, we limit this opinion to a consideration of only subsection 551.127(c).

Having harmonized subsection (c) from the two bills, we can address your specific questions. The board of an open-enrollment charter school may conduct an open meeting by videoconference call as provided by section 551.127. And provided that the member of the board of the open-enrollment charter school presiding over the meeting is present at a physical location open to the public in or within a reasonable distance of the charter school's geographic territory, other members of the board may participate in a videoconference call meeting from remote locations outside of the open-enrollment charter school's geographic service area, including areas outside of the state.

## S U M M A R Y

An in-person meeting of an open-enrollment charter school's governing board must be physically accessible to the public to comply with the Open Meetings Act. Because accessibility depends on particular facts, we cannot conclude that an open-enrollment charter school's governing board may conduct such a meeting in compliance with the Act beyond its geographic service area.

An open-enrollment charter school's governing board may conduct an open meeting by videoconference call as provided by section 551.127 of the Government Code. Provided that the member of the board of the open-enrollment charter school presiding over the meeting is present at a physical location open to the public in or within a reasonable distance of the charter school's geographic territory, other members of the board may participate in a videoconference call meeting from remote locations outside of the geographic service area, including areas outside of the state.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee