The STATE of Texas, Appellant,

v.

John B. JACKSON et al., Appellees.

No. 14180.

Court of Civil Appeals of Texas.

Houston.

Sept. 12, 1963.

Rehearing Denied Oct. 3, 1963.

Waggoner Carr, Atty. Gen., Fred D. Ward, Asst. Atty. Gen., Austin, for appellant.

Jackson & Jackson, Guy C. Jackson, III, Joe F. Sandlin, Anahuac, for appellees.

E. W. Newman, W. M. Streetman, I. M. Wilford, Houston, for amicus curiae Sportsmen's Clubs of Texas. Andrews, Kurth, Campbell & Jones, Houston, of counsel.

WERLEIN, Justice.

This consolidated suit was brought by the State of Texas, acting by and through the Game and Fish Commission, to enjoin appellees from further violation of that certain proclamation issued by said Commission on April 24, 1959 by virtue of the authority vested in the Commission under Article 4045, Vernon's Annotated Texas Statutes (Acts 1923, 38th Leg., Ch. 139), proclaiming and decreeing that it shall be unlawful for any person to use seines or nets or to drag same for the purpose of taking or attempting to take any fish or other edible life, with the exception of shrimp and oysters, in the waters of Galveston Bay, Trinity Bay, East Bay and West Bay in the Counties of Galveston, Chambers and Harris, provided, however, that the use of

shrimp trawls shall not be prohibited, except by special law relating to the same, nor shall the use of a cast net or minnow seine of not more than twenty (20) feet in length for the catching of bait be prohibited.

The judgment of the trial court in denying the injunction sought by appellant recited: "for the reason that Article 4045 of Vernon's Annotated Civil Statutes, 1925, on which Plaintiff relies in support of its contention is in direct conflict with House Bill 835, 55th Legislature, Chapter 480, page 1394, which is codified as a note under Article 978j of Vernon's Annotated Penal Code, said Article 978j being enacted at a date subsequent to the enactment of Article 4045 aforementioned."

In an effort to determine whether the trial court properly denied the injunction sought by appellant, we shall briefly review certain Acts of the Legislature. In 1919 the 36th Legislature at its First Called Session (Ch. 73, p. 204) passed a comprehensive conservation law, which, among other things, created the office of Game, Fish & Oyster Commissioner (now Game and Fish Commission) and defined his duties and powers. Article 39 of the Act provided, among other things:

"And the Game, Fish and Oyster Commissioner, whenever he has reason to believe it is best for the protection and conservation and increase of fish life, or to prevent their destruction in the bays or part thereof, or such tidal waters of the State, to close such bays or parts thereof, or such tidal waters against all forms and kinds of seining or netting or using gigs, spears and lights, he is hereby authorized to close such waters against fishing with any seine, net, spears, gigs, lights or other devices, except with a hook and line or cast net or minnow seine of not more than twenty feet in length."

This article imposes a legislative prohibition on netting in certain defined areas, and also provides for an administrative

prohibition on netting in all bays and tidal waters.

In 1925 the Legislature adopted the Revised Civil Statutes and the Penal Code. The subject matter of Article 39 of the 1919 law, as amended in 1923, 38th Leg., Ch. 139, was carried forward in Article 4045, Revised Civil Statutes and in Article 941 of the Vernon's Ann.Penal Code. In the first sentence of Article 4045 it is stated that it is unlawful to use nets and seines in the waters specified in Article 941 of the Penal Code. In a subsequent sentence, Article 4045 continues in effect the provisions aforesaid for the administrative closing of the bays and other tidal waters.

In 1929 Article 941, Penal Code, was rewritten and included Galveston Bay and Trinity Bay within the areas in which netting was made a crime. No change, however, was made in the administrative authority of the Game and Fish Commission to close any bay or tidal area. Hence the Commission continues to have the administrative authority to close any bay or tidal area to netting under Article 4045 unless such authority was repealed in 1957 by the enactment of H.B. 835 which deals with the taking of fish and shrimp in the area of Galveston and Trinity Bays north of the line between Eagle Point and Smith Point. House Bill 835, among other things, provides:

"Section 1. It shall be unlawful for any person to place or set, or have in his use or possession, in or on any of the waters of that portion of Galveston Bay and Trinity Bay lying within Chambers and Harris Counties, Texas, north of a line extending from Eagle Point to Smith Point, any set net, or gill net, trap or similar device for the purpose of catching fish. Provided it shall be lawful to use trammel nets which shall not exceed a length of twelve hundred (1200) feet and shall have at least a three and one-half (3½) inch stretch mesh.

*   *   *   *   *   *

"Sec. 7. All other laws and parts of laws in conflict herewith are hereby expressly repealed, to the extent of such conflict only."

In the emergency clause of H.B. 835 it is stated:

"The fact that the present laws for the protection, preservation, conservation, and propagation of the State's fish reserves in the waters of that portion of Galveston Bay and Trinity Bay lying within Chambers and Harris Counties, Texas, north of a line extending from Eagle Point to Smith Point, are conflicting, confusing, and inadequate, creates an emergency
*   *   *"

The evidence shows that appellees were fishing with nets which were in violation of the proclamation of the Commission issued April 24, 1959, but not in violation of said House Bill 835, enacted in 1957, which is the penal law currently governing the use of seines and nets in that area of Galveston and Trinity Bays north of a line between Eagle Point and Smith Point, since the trammel nets which were used by appellees at the time and on the occasions in question did not exceed a length of 1200 feet and such nets had at least a 3½ inch stretch mesh.

Appellees take the position that by the 1957 Act the Legislature specifically vested in fishermen an absolute right to catch fish with trammel nets in the area in question, provided such nets were not greater in length than 1200 feet and had at least a 3½ inch stretch mesh, and that the Commission had no power under Article 4045 to close the affected area insofar as trammel nets of the prescribed dimensions were used. The 1957 Act, H.B. 835, repealed all conflicting laws to the extent of the conflict. It, therefore, repealed Article 941 of the Penal Code and Article 4045, V.A. T.S., to the extent that such articles made it unlawful to use trammel nets of the size and dimensions permitted by such Act in the area of Galveston and Trinity Bays

north of the line between Eagle Point and Smith Point. The question remains whether it repealed Article 4045 insofar as that article gives the Commission the administrative authority to close the affected area to trammel netting.

■■ House Bill 835 does not expressly repeal Article 4045, V.A.T.S. The law is well settled that it is only when two statutes are directly and irreconcilably in conflict that the latter repeals the former, in the absence of specific language repealing the same. Conley v. Daughters of Republic of Texas, (1913) 106 Tex. 80, 156 S.W. 197, 157 S.W. 937; Wintermann v. McDonald, (1937) 129 Tex. 275, 102 S.W. 2d 167, 104 S.W.2d 4. It has also been held that statutes which apparently are in conflict should be harmonized by the most reasonable construction that can be placed on them consistent with the intention of the Legislature. Cole v. State, 106 Tex. 472, 170 S.W. 1036.

■■ Article 4045, V.A.T.S., is a civil statute which in part deals with an administrative agency and its authority to prohibit legal acts; whereas, the 1957 law is a criminal statute which makes illegal certain kinds of fishing in the affected area but which expressly legalizes or excepts the use of trammel nets of certain dimensions. The administrative right of the Commission to close any bay or other tidal area to netting has been in existence since 1919. It is our view that H.B. 835 does not take away from the Commission its general power under Article 4045, V.A.T.S., to close bays and tidal waters to certain kinds of fishing and netting where there is no specific legislation making it lawful to engage in same. It is further our view that if the Legislature by specific legislation closes or opens bays or tidal waters to certain kinds of fishing, only the Legislature by later similar specific legislation can open or close the same.

Had the Legislature never enacted any law with respect to the waters or area in controversy, the Commission would have the right under Article 4045, V.A.T.S., to close the same, and later to open such waters. We are of the opinion that where the Legislature has closed certain waters generally, but provides that it shall be lawful to use trammel nets of certain specifications within a specific and defined area thereof, the Commission may not forbid that which the Legislature has specifically authorized. It seems highly improbable that the Legislature, when it specifically authorized the use of trammel nets in the affected area, did not intend to remove from the Commission the power to forbid that which it had expressly authorized.

The general state-wide administrative authority of the Commission to issue proclamations closing bays and tidal waters under Art. 4045, V.A.T.S., was not repealed by H.B. 835. Such bill expressly repeals all other laws or parts thereof "to the extent of such conflict only." Hence, it repeals Art. 4045, V.A.T.S., only insofar as it gives the Commission the power to issue proclamations closing the affected waters to the use of trammel nets of the dimensions prescribed by the Legislature in the proviso or exception contained in H.B. 835. The proclamation of the Commission to the extent that it undertakes to override the specific exception in the proviso contained in H.B. 835, is in direct and irreconcilable conflict with such legislative enactment and is, therefore, invalid.

We are of the opinion that the trial court did not err in refusing to grant the injunction sought by the State.

Judgment affirmed.