Honorable Elizabeth C. Jandt Guadalupe County Attorney Seguin, Texas 78155
Re: Whether Title III of the Family Code has impliedly repealed sections 21.302-21.304, Education Code.
Dear Ms. Jandt:
You ask whether Title III of the Family Code has impliedly repealed sections 21.302 through 21.304 of the Education Code. These Education Code provisions establish a procedure whereby the school attendance officer may proceed in juvenile court against a school age child `who is reported to him as being insubordinate, disorderly, vicious, or immoral in conduct, or who persistently violates the reasonable rules and regulations of the school which he attends, or who otherwise persistently misbehaves in such a manner as to render himself an incorrigible.' Educ. Code §21.302. The juvenile court judge has the power to parole a child found guilty of the charges and allow him to return to school under bond. Educ. Code § 21.303. If the child violates the conditions of the first parole, the judge shall forfeit the bond. Educ. Code § 21.304. On finding him guilty of violating a second parole, `the judge shall commit the child to a suitable training school as determined by the judge of the juvenile court and the parent of the child convicted.' Id.
Title III of the Family Code provides that a child who has a certain number of voluntary unexcused absences from school has engaged in conduct indicating a need for supervision. Family Code § 51.03(b)(2). The juvenile court has jurisdiction over proceedings against a child who engaged in conduct indicating a need for supervision. See Family Code §§ 51.04, 54.03, 54.04.
An almost identical question was addressed in Attorney General Opinion M-3 (1967). It considered whether article 2898, V.T.C.S., which has been recodified as sections 21.302 through 21.304 of the Education Code, was impliedly repealed by the predecessor of section 51.03(a) of the Family Code, defining as a delinquent child one who habitually violated the compulsory school attendance law of Texas. The opinion determined that the provisions were cumulative. We believe this conclusion is correct. Section 51.03(b)(2) of the Family Code relates to voluntary absences from school, while sections 21.302 through21.304 of the Education Code relate to a much broader range of conduct. The courts will attempt to harmonize two statutes relating to the same subject, and will permit both to stand if possible. State v. Jackson, 370 S.W.2d 797 (Tex.Civ.App.-Houston 1963), aff'd, 376 S.W.2d 341 (Tex. 1964).
We note, however, that sections 21.302 through 21.304 of the Education Code do not provide the exclusive method of suspending or expelling a child from school. Bishop v. Houston Independent School Dist., 29 S.W.2d 312 (Tex. 1930). The trustees of independent school districts are vested with `exclusive power to manage and govern' their schools and may exercise this power to enforce school regulations by suspending or expelling students. Educ. Code § 23.26(b); see Texarkana Independent School Dist. v. Lewis, 470 S.W.2d 727 (Tex.Civ.App.-Texarkana 1971, no writ); Attorney General Opinion H-398 (1974).
 SUMMARY
Title III of the Family Code does not repeal sections 21.302
through 21.304 of the Education Code.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General