ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 23, 2006

Mr. Carlos A. Pereda, Jr.                    Opinion No. GA-0470
Maverick County Auditor
Post Office Box 1246                         Re: Whether a county participating in Operation
Eagle Pass, Texas 78853-1246                 Linebacker may use Justice Assistance Grant funds
                                             to pay its sheriff or a constable compensation, such
                                             as overtime, in addition to the salary appropriated in
                                             the existing county budget   (RQ-0444-GA)

Dear Mr. Pereda:

You ask whether a county participating in Operation Linebacker may use Justice Assistance
Grant ("JAG") funds to pay its sheriff or a constable compensation, such as overtime, in addition to
the salary appropriated in the existing county budget.[1]  You also ask whether a county may
compensate the constable from JAG funds for services performed as a deputy sheriff. *See* Request
Letter, *supra* note 1, at 1.

The Federal Edward Byrne Memorial JAG Program, administered by the United States
Department of Justice's Office of Justice Programs, Bureau of Justice Assistance, "allows states and
local governments to support a broad range of activities to prevent and control crime and to improve
the criminal justice system." BUREAU OF JUSTICE ASSISTANCE, JUSTICE ASSISTANCE GRANT (JAG)
PROGRAM, OVERVIEW, *available at* http://www.ojp.usdoj.gov/BJA/grant/jag.html (last visited Oct.
13, 2006). JAG funds are allocated to states to be used to further certain types of programs,

---

[1]*See* Letter from Carlos A. Pereda, Jr., Maverick County Auditor, to Honorable Greg Abbott, Attorney General
of Texas (Apr. 13, 2006) (on file with the Opinion Committee) [hereinafter Request Letter]; *see also* Letter from
Honorable J. Steve Houston, Brewster County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Feb.
14, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us); Letter from Carlos A.
Pereda, Jr., Maverick County Auditor, to Honorable Greg Abbott, Attorney General of Texas (Jan. 31, 2006) (on file
with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter January Pereda Letter]. A county
auditor is authorized to request the attorney general's opinion "on a question affecting the public interest or concerning
the official duties of the requesting person" if the auditor has first submitted the question to the county or district attorney
and disagrees with the attorney's response. *See* TEX. GOV'T CODE ANN. § 402.042(a) (Vernon 2005); *see id.* § 41.007
(Vernon 2004) (requiring a "district or county attorney, on request, [to] give to a county or precinct official of his district
or county a written opinion or written advice relating to" that official's duties). A county auditor's opinion request
should be submitted to the county or district attorney in accordance with Government Code section 41.007. If the county
or district attorney fails or refuses to answer the auditor's request, or if the county auditor disagrees with the county or
district attorney's opinion or believes that it conflicts with attorney general opinions, we will accept an opinion request
directly from the county auditor.

including law enforcement programs. *See id.* In each state, the governor or other chief executive officer designates a state agency to administer the funds. BUREAU OF JUSTICE ASSISTANCE, EDWARD BYRNE MEMORIAL JUSTICE ASSISTANCE GRANT (JAG) PROGRAM, FY 2006 STATE SOLICITATION 2, *available at* http://www.ojp.usdoj.gov/BJA/grant/06JAGStateSol.pdf (last visited Oct. 13, 2006).

The Texas Governor's Office, Criminal Justice Division (the "Governor's Office") administers the state's JAG program. *See* OFFICE OF THE GOVERNOR OF TEXAS, CRIMINAL JUSTICE DIVISION, STATE FUNDS ADMINISTERED BY THE GOVERNOR'S CRIMINAL JUSTICE DIVISION, *available at* http://www.governor.state.tx.us/divisions/cjd/files/CJD_Funding_Sources (last visited Oct. 13, 2006). The Governor's Office awarded JAG funds to Operation Linebacker, an initiative "conceived by the Texas Border Sheriff's Coalition as a means to integrate law enforcement resources along the border to increase both public safety and national security between points of entry." OFFICE OF THE GOVERNOR OF TEXAS, BORDER SECURITY PLAN FOR TEXAS, *available at* http://www.governor.state.tx.us/priorities/other/border/border_security/view (last visited Oct. 13, 2006). Operation Linebacker's "[k]ey aspects . . . include increased patrols and the support of the local community to enhance border security." *Id.*

The Governor's Office has adopted rules regulating the various grant programs it administers, including the JAG program. *See* 1 TEX. ADMIN. CODE ch. 3 (2006) (Office of the Governor, Criminal Justice Division, Personnel). Title 1, section 3.75 of the Texas Administrative Code pertains to the use of grant funds to pay personnel costs. *See id.* § 3.75. Subsection (a)(3) prohibits the use of grant funds to pay "any portion of the salary of, or any other compensation for, an elected or appointed government official." *Id.* § 3.75(a)(3). Subsection (c), as amended effective June 22, 2006, authorizes the use of grant funds to pay overtime if three conditions are satisfied: (1) the grantee obtains the approval of the Governor's office; (2) payment of overtime is consistent with the grantee's policy; and (3) the use of the particular grant funds for overtime payments is not "otherwise prohibited by law." *Id.* § 3.75(c); *see* 31 Tex. Reg. 3453, 3455 (2006), *adopted* 31 Tex. Reg. 4855, 4856 (2006) (codified at 1 TEX. ADMIN. CODE § 3.75(c)); *see also* UNITED STATES DEP'T OF JUSTICE, OFFICE OF JUSTICE PROGRAMS, FINANCIAL GUIDE 2005 ch. 7, *available at* http://www.ojp.usdoj.gov/FinGuide/part3chap7.htm (last visited Oct. 13, 2006) (allowing grant funds generally to be used to pay overtime to the extent it is consistent with state policies and has been approved by the state).

Although section 3.75(c) may appear to permit the payment of overtime to a sheriff or constable, section 3.75(a)(3) prohibits the use of JAG funds to compensate an elected government official. *See* 1 TEX. ADMIN. CODE § 3.75(a)(3) (2006) (Office of the Governor, Criminal Justice Division, Personnel). You ask which section applies, and you additionally suggest that county budgeting requirements pertaining to elected officials' compensation lead to the conclusion that section 3.75(a)(3) prevails. You state:

> [U]nder . . . Local Government Code section 152.013(a) the Commissioners Court sets the salary and compensation for the elected official during the budget process and any increase must be properly

published before it can be voted on. Once the salary is set, it may not be increased or decreased until the following budget process.[2]

Chapter 152, Local Government Code, provides for budgeting county employees' compensation. *See* TEX. LOC. GOV'T CODE ANN. ch. 152 (Vernon 1999 & Supp. 2006). JAG funds are not subject to county budgeting requirements. *Cf.* Tex. Att'y Gen. Op. No. DM-357 (1995) at 6 (concluding that the county attorney's hot-check fund is "wholly outside of the county budgeting process").

Accordingly, JAG funds may be used as title 1, section 3.75 of the Texas Administrative Code permits. Subsection (a)(3) states that the Governor's Office will not "pay any portion of the salary of, or any other compensation for, an elected or appointed government official." 1 TEX. ADMIN. CODE § 3.75(a)(3) (2006) (Office of the Governor, Criminal Justice Division, Personnel). Under subsection (c), on the other hand, a grantee may use grant funds to pay overtime if three conditions are satisfied: (1) the grantee obtains the approval of the Governor's office; (2) payment of overtime is consistent with the grantee's policy; and (3) the use of the particular grant funds for overtime payments is not "otherwise prohibited by law." *Id.* § 3.75(c); *see* 31 Tex. Reg. 3453, 3455 (2006), *adopted* 31 Tex. Reg. 4855, 4856 (2006) (codified at 1 TEX. ADMIN. CODE § 3.75(c)). To date, the Governor's Office has not construed subsection (c) vis-à-vis subsection (a). *Cf. Phillips Petroleum Co. v. Tex. Comm'n on Envtl. Quality*, 121 S.W.3d 502, 507 (Tex. App.—Austin 2003, no pet.) (stating that an administrative agency has the power to interpret its own rules, which interpretation is controlling unless it is plainly erroneous).

Without the benefit of a construction by the Governor's Office, we "construe the text of an administrative rule under the same principles as if it were a statute." *BP Chems., Inc. v. AEP Tex. Cent. Co.*, 198 S.W.3d 449, 455 (Tex. App.—Corpus Christi 2006, no pet.) (citing *Phillips Petroleum Co.*, 121 S.W.3d at 507). A court will harmonize statutes to give effect to each unless the statutes are irreconcilable. *See* TEX. GOV'T CODE ANN. §§ 311.025(b), .026(a) (Vernon 2005); *see also In re Univ. of Tex. Health Ctr.*, 198 S.W.3d 392, 397 (Tex. App.—Tyler 2006, no pet.) (stating that two rules of civil procedure governing the same subject matter should be harmonized so that both may be effectuated). Mere difference does not constitute an irreconcilable conflict. *See Garcia v. State*, 669 S.W.2d 169, 171 (Tex. App.—Dallas 1984, pet. ref'd). Irreconcilable conflict involves a direct conflict such that a person cannot comply with both provisions at the same time. *See* Tex. Att'y Gen. Op. No. GA-0411 (2006) at 2; *see also State v. Jackson*, 370 S.W.2d 797, 800 (Tex. Civ. App.—Houston [1st Dist.] 1963), *aff'd*, 376 S.W.2d 341 (Tex. 1964) (stating that statutes cannot be harmonized "only when" they are "directly and irreconcilably in conflict").

Both subsections (a)(3) and (c) apply to the use of JAG funds. Subsection (a)(3) prohibits the use of JAG funds to compensate an elected or appointed government official, while subsection (c) permits the use of JAG funds to pay overtime in certain circumstances. *Compare* 1 TEX. ADMIN. CODE § 3.75(a)(3) (2006) (Office of the Governor, Criminal Justice Division, Personnel), *with id.* § 3.75(c). They can be harmonized by construing subsection (a)(3) to apply to the use of JAG funds

---

[2]January Pereda Letter, *supra* note 1, at 1.

for elected or appointed officials and subsection (c) to apply to the use of such funds for employees. Thus, JAG funds may not be used to compensate sheriffs and constables.

You finally ask whether a constable who works as a deputy sheriff may be paid on an hourly basis for work performed as a deputy sheriff. *See* Request Letter, *supra* note 1, at 1. This office recently determined in Attorney General Opinion GA-0402 that neither article XVI, section 40 of the Texas Constitution, which prohibits a person from simultaneously holding multiple civil offices of emolument, nor the common-law doctrine of incompatibility precludes an elected constable from simultaneously serving as a deputy sheriff. *See* Tex. Att'y Gen. Op. No. GA-0402 (2006) at 2; *see also* TEX. CONST. art. XVI, § 40. But Attorney General Opinion GA-0402 does not consider whether a constable who simultaneously serves as a deputy sheriff may be paid for service as a deputy sheriff, in addition to receiving a salary for service as constable. *See generally* Tex. Att'y Gen. Op. No. GA-0402 (2006).

In our opinion, a constable working as a deputy sheriff may be compensated, over and above the compensation the constable receives as a constable, for work as a deputy sheriff. A sheriff is free to select persons to fill deputy positions that have been approved by the commissioners court. *See Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, writ denied); *Comm'rs Court of Shelby County v. Ross*, 809 S.W.2d 754, 756 (Tex. App.—Tyler 1991, no writ); *see also* TEX. LOC. GOV'T CODE ANN. § 151.003 (Vernon 1999) (directing that after a commissioners court has approved an officer's request for employees, the officer may appoint them). So long as the county's annual budget appropriates compensation, including overtime compensation, for the sheriff's deputies, a deputy sheriff, including a deputy sheriff who is also a constable, may be compensated for serving as a deputy sheriff.

## S U M M A R Y

In accordance with title 1, section 3.75(a)(3) of the Texas Administrative Code, a county may not use Justice Assistance Grant funds to compensate its sheriff or constable for overtime.

A constable may be paid an additional amount, including overtime, for serving as a deputy sheriff if the county budget provides overtime compensation for deputy sheriffs.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee