ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 23, 2009

The Honorable Hope Andrade                    Opinion No. GA-0733
Texas Secretary of State
Post Office Box 12697                          Re:  Effect of a final conviction for a felony or
Austin, Texas  78711-2697                      misdemeanor crime involving moral turpitude on
                                               a notary public's application or commission
                                               (RQ-0785-GA)

Dear Secretary Andrade:

Your office writes seeking our opinion on questions that arise under Government Code, chapter 406, the Notary Public Act (the "Act").[1]  Your office indicates that the questions stem in particular from sections 406.004 and 406.009 of the Act.[2]  *See* Request Letter at 1.

Section 406.004 provides that "[e]ach person appointed and commissioned as a notary public . . . must not have been convicted of a felony or crime involving moral turpitude."[3]  TEX. GOV'T CODE ANN. § 406.004 (Vernon 2005).  Subsection 406.009(a) provides that the "secretary of state may, for good cause, reject an application or suspend or revoke the commission of a notary public." *Id.* § 406.009(a).  The term "good cause" is defined to include a list of items, one of which is "a final conviction for a crime involving moral turpitude," but it does not expressly include a conviction for a felony.  *Id.* § 406.009(d)(1).

The letter from your office discusses the impact of a 1995 amendment on chapter 406. Request Letter at 1–2; *see* Act of May 24, 1995, 74th Leg., R.S., ch. 719, 1995 Tex. Gen. Laws 3807.

---

[1]*See* Request Letter (*available at* http://www.texasattorneygeneral.gov).

[2]Because you ask about only sections 406.004 and 406.009, we limit our opinion to these two sections and do not address other statutory provisions that may impose consequences for convictions.

[3]The statutes do not define the term "crime involving moral turpitude."  An administrative rule provides that a "crime involving moral turpitude means the commission of a crime *mala in se* (an offense that is evil or wrong from its own nature or by natural law irrespective of statute)," which may include, but is not limited to, Class A and B misdemeanors and felonies.  1 TEX. ADMIN. CODE § 87.43(b) (2009); *cf. In re Lock*, 54 S.W.3d 305, 308 (Tex. 2001) (observing that, in the context of attorney discipline "crimes of moral turpitude must involve dishonesty, fraud, deceit, misrepresentation, or deliberate violence, or must reflect adversely on an attorney's honesty, trustworthiness, or fitness as an attorney").

Prior to the amendment, section 406.004, pertaining to eligibility, required only that a person be of the specified age and a Texas resident. *See* Act of May 21, 1987, 70th Leg., R.S., ch. 147, § 1, 1987 Tex. Gen. Laws 316, 366. At that time, section 406.005 required an applicant to swear in the application that the person had not been convicted of a crime of moral turpitude, but chapter 406 did not require a similar statement as to convictions for felonies. *See id.* § 1 at 366–67. The 1995 enactment repealed the section 406.005 requirement of a sworn statement about a conviction of a crime involving moral turpitude. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 719, § 2, 1995 Tex. Gen. Laws 3807, 3807. It also amended section 406.004 to provide that to be eligible for an appointment and commission as a notary public, a person "must not have been convicted of a felony or crime involving moral turpitude." *Id.* § 1 at 3807. The 1995 amendment, however, did not amend the definition of "good cause" in section 406.009 to include any express reference to conviction of a felony. *See id.* § 5 at 3808.

Your office tells us that since the Act's inception, the Secretary of State's office has considered the requirement of a sworn statement regarding crimes of moral turpitude as a procedural one and exercised the discretion in subsection 406.009(a) so that "[a]s a result, some applicants with convictions for crimes involving moral turpitude have been commissioned as notaries public." Request Letter at 1. Your office also tells us that, though the 1995 legislation repealed the requirement of a sworn statement regarding convictions of crimes of moral turpitude and changed the eligibility section to require that a person not have been convicted of a crime involving moral turpitude, the Secretary of State continued to exercise discretion under subsection 406.009(a) to commission some applicants who had been convicted of crimes involving moral turpitude. *Id.* Further, your office informs us that the Secretary of State's treatment of applications from a person with a felony conviction is much different. *See id.* Because the 1995 amendment did not add felony convictions to the definition of "good cause" in subsection 406.009(d)(1), the Secretary of State "has interpreted the Act to absolutely bar felons from commission as notaries and to require the Secretary of State to institute revocation proceedings upon discovery that a commissioned notary has been convicted of a felony." *Id.* Your office notes further that the "language of [s]ection 406.004 does not support this disparate treatment, but [subs]ection 406.009(d)(1) and longstanding . . . practice do." *Id.* at 2.

Within this context, your office asks several questions about these provisions. *See id.* Specifically, you ask whether "an applicant's conviction for a felony [or a misdemeanor involving moral turpitude] preclude[s] the secretary of state from commissioning the applicant as a notary public" and whether "an applicant's conviction for a felony [or a misdemeanor involving moral turpitude] require[s] the secretary of state to institute commission revocation proceedings[.]" *Id.* These questions require us to construe section 406.004 and subsection 406.009(a). As we parse subsection 406.009(a), we consider it first as it pertains to the rejection of an application, and second as it pertains to the suspension or revocation of a commission.

The cardinal rule of statutory construction is to ascertain the Legislature's intent. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). The best indicator of that intent is the language of the statute as determined by the plain and common meaning of the words of the statute. *Id.* (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)); *see also*

*Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999). When two statutes are in apparent conflict, courts seek to harmonize them so that all provisions are fully effective. *State v. Jackson*, 370 S.W.2d 797, 800 (Tex. Civ. App.—Houston 1963), *aff'd*, 376 S.W.2d 341 (Tex. 1964). In the event of a direct and irreconcilable conflict, however, the later expression of legislative intent controls, and the later statute will be held to have repealed the earlier statute. *See id.* ("The law is well settled that it is only when two statutes are directly and irreconcilably in conflict that the latter repeals the former."). With these rules to guide us, we consider provisions in sections 406.004 and 406.009. Section 406.004 expressly provides that a person "appointed and commissioned as a notary public. . . *must not have been* convicted of a felony or a crime involving moral turpitude." Tex. Gov't Code Ann. § 406.004 (Vernon 2005) (emphasis added). The term "must" is generally "recognized as mandatory, creating a duty or obligation." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Absent any indication that "must" in section 406.004 is intended to have a construction here that is different from its typical mandatory construction, section 406.004 expressly requires that the person not have been convicted of a felony or crime involving moral turpitude before a person may be appointed and commissioned as a notary public. Thus, with respect to your question concerning the Secretary of State's authority to commission as a notary an applicant with a felony conviction, we conclude that section 406.004 by its terms precludes the Secretary of State from commissioning such an applicant.

Your question concerning the Secretary of State's authority to commission an applicant with a conviction of a crime involving moral turpitude requires us to consider and construe section 406.009. Subsection 406.009(a) gives the Secretary of State discretion to "reject an application" for good cause, which includes a "final conviction for a crime involving moral turpitude." Tex. Gov't Code Ann. § 406.009(a), (d)(1) (Vernon 2005); *see also id.* § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."). It follows then that subsection 406.009(a) does not by its plain language *require* the Secretary of State to reject an applicant with a conviction of a crime involving moral turpitude. Under section 406.004, however, a person convicted of a crime involving moral turpitude would not be eligible to be commissioned as notary. The discretion provided in subsection 406.009(a) cannot be harmonized with the absolute prohibition in section 406.004. To the contrary, any discretion the Secretary of State may have under subsection 406.009(a) to not "reject an application" of an applicant who has been convicted of a crime involving moral turpitude directly and irreconcilably conflicts with the requirement that a person with such a conviction is not eligible to be appointed and commissioned as a notary public.

Having found that section 406.009(a), as it pertains to the rejection of an application based on the conviction of a crime involving moral turpitude, directly and irreconcilably conflicts with subsection 406.004, we look to the dates of enactment. *See id.* § 311.025(a). Subsection 406.009(a), giving the Secretary of State discretion to reject an application that indicates a conviction of a crime involving moral turpitude, was codified in 1987. *See* Act of May 21, 1987, 70th Leg., R.S., ch. 147, § 1, 1987 Tex. Gen. Laws 316, 367–68. The amendment to section 406.004 that made it an eligibility requirement not to have been convicted of a crime involving moral turpitude was enacted in 1995. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 719, § 1, 1995 Tex. Gen. Laws 3807, 3807. Because section 406.004 is the later-enacted statute, it prevails over subsection 406.009(a) with respect to the Secretary of State's authority to reject applications for those convicted of crimes

involving moral turpitude. Accordingly, we conclude that section 406.004 precludes the Secretary of State from appointing and commissioning as a notary public an applicant with a conviction of a crime involving moral turpitude.

We next consider your query about whether a conviction for a felony or a crime involving moral turpitude requires the Secretary of State to institute commission revocation proceedings.[4] As we noted before, subsection 406.009(a) by use of the permissive term "may" thereby gives the Secretary of State discretion regarding the suspension and revocation of the commission of a notary public. *See* TEX. GOV'T CODE ANN. § 406.009(a) (Vernon 2005). We see no indication in chapter 406 that "may" here is intended to be mandatory and thus construe it as a grant of discretion. Further, "good cause" is defined in subsection 406.009(d) to *include* a specified list of reasons. *Id.* § 406.009(d)(1)–(6). The term "include" is a "term of enlargement" that does not limit a series of terms to only the terms listed, and "does not create a presumption that components not expressed are excluded." *Id.* § 311.005(13). By the plain language of subsection 406.009(d)(1), a conviction for a crime involving moral turpitude constitutes good cause. Because the list is not exclusive, a conviction of a felony could also constitute good cause. *Cf. Jackson Law Office v. Chappell*, 37 S.W.3d 15, 25–26 (Tex. App.—Tyler 2000, pet. denied) (stating that a statutory list following the term includes or including is "for purposes of illustration"). On its face then, subsection 406.009(a), as it pertains to the suspension and revocation of commissions, authorizes, but does not require, the Secretary of State to initiate commission revocation proceedings against a commissioned notary public for good cause, which includes convictions for a crime involving moral turpitude and could include convictions for felonies. Accordingly, we conclude that the Secretary of State may, but is not required to, initiate commission revocation proceedings against a notary public on the basis of a conviction of a felony or a crime involving moral turpitude.

---

[4]Your office phrases this question in terms of "commission revocation" proceedings due to an "applicant's" conviction. *See* Request Letter at 2. We presume for the purposes of this opinion that the proceeding about which you ask is one to revoke the commission of a person who is already a notary public. As such, our discussion considers the question with respect to a notary public that currently holds a commission.

## S U M M A R Y

The Secretary of State is precluded from appointing or commissioning as a notary public an applicant with a conviction of a felony or a crime involving moral turpitude. The Secretary of State may, but is not required to, initiate commission revocation proceedings against a notary public on the basis of a conviction of a felony or a crime involving moral turpitude.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee