January 2, 2014

Mr. David Slayton
Administrative Director
Office of Court Administration
Post Office Box 12066
Austin, Texas 78711-2066

Opinion No. GA-1035

Re: Confidentiality of records in juvenile misdemeanor cases (RQ-1136-GA)

Dear Mr. Slayton:

You ask four questions regarding recent amendments to articles 44.2811 and 45.0217 of the Code of Criminal Procedure and section 58.00711 of the Family Code (the "confidentiality statutes").[1] You explain that the Eighty-third Legislature adopted three bills—Senate Bill 393, Senate Bill 394, and House Bill 528—that amended each of the confidentiality statutes. Request Letter at 1–2. Senate Bills 393 and 394 became effective on September 1, 2013.[2] Your questions arise because when House Bill 528 becomes effective on January 1, 2014,[3] there will be two versions of each of the confidentiality statutes, and you are unsure how to reconcile them.[4] *Id.* at 2. Senate Bill 394 incorporates the pertinent amendments of Senate Bill 393, so we refer generally to the "Senate Bills" and the "House Bill."

You first ask whether the Senate Bills irreconcilably conflict with the House Bill. *Id.* Like the courts, our primary objective when construing statutes "is to ascertain and give effect to the Legislature's intent." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). At the outset, we assume that the Legislature, in enacting a statute, intended for the entire

---

[1]Letter from Mr. David Slayton, Admin. Dir., Office of Ct. Admin., to Honorable Greg Abbott, Tex. Att'y Gen. at 2–3 (July 10, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]*See* Act of May 23, 2013, 83d Leg., R.S., ch. 1407, § 23, 2013 Tex. Sess. Law Serv. 3732, 3738 (Senate Bill 393); Act of May 16, 2013, 83d Leg., R.S., ch. 1319, § 5, 2013 Tex. Sess. Law Serv. 3501, 3502 (Senate Bill 394).

[3]*See* Act of May 22, 2013, 83d Leg., R.S., ch. 1257, § 6, 2013 Tex. Sess. Law Serv. 3181, 3182 (House Bill 528).

[4]We received briefing concerning the effect of House Bill 528 on the constitutional openness of criminal courts. However, you did not raise that issue in your request, so we do not address it here.

statute to be effective and intended a just and reasonable result that is feasible of execution. TEX. GOV'T CODE ANN. § 311.021 (West 2013). When "amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." *Id.* § 311.025(b). The Senate Bills make no reference to the House Bill, and vice versa. Further, nothing in the language of the Senate Bills precludes the amendments contained in the House Bill, and none of the bills contain a saving provision that resolves potential conflicts with other laws. Thus, we look to the plain language of the confidentiality statutes as amended by the Senate Bills and the House Bill to determine whether they can be harmonized. To that end, this office has previously stated that an irreconcilable conflict exists when it is impossible to comply with both provisions at the same time. Tex. Att'y Gen. Op. No. GA-0369 (2005) at 4 (relying on *State v. Jackson*, 370 S.W.2d 797, 800 (Tex. Civ. App.—Houston [1st Dist.] 1963), *aff'd*, 376 S.W.2d 341 (Tex. 1964)).

Article 44.2811 is located in chapter 44 of the Code of Criminal Procedure, which governs appeals and writs of error. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 44.01–.47 (West 2006 & Supp. 2013). As amended by the Senate Bills, article 44.2811 provides that records relating to "a child who is convicted of and has satisfied the judgment for or who has received a dismissal after deferral of disposition for" a non-traffic, fine-only misdemeanor offense may not be disclosed to the public. *Id.* art. 44.2811 (West Supp. 2013). The House Bill amends article 44.2811 to prohibit the disclosure of records relating to a non-traffic, fine-only misdemeanor offense "that is committed by a child and that is appealed."[5] Taken together, the Senate Bills and the House Bill establish three separate, independent conditions for confidentiality under article 44.2811. As a result, complying with the Senate Bills does not result in violating the House Bill, and vice versa. Therefore, with respect to article 44.2811, the amendments of the Senate Bills and the House Bill do not irreconcilably conflict.

Article 45.0217 of the Code of Criminal Procedure, applicable to justice and municipal courts, and section 58.00711 of the Family Code, applicable to juvenile justice courts, are virtually identical, so we discuss them together. The Senate Bills amend these statutes to make confidential records "relating to a child who is convicted of and has satisfied the judgment for or who has received a dismissal after deferral of disposition for" a non-traffic, fine-only misdemeanor offense. TEX. CODE CRIM. PROC. ANN. art. 45.0217 (West Supp. 2013); TEX. FAM. CODE ANN. § 58.00711 (West Supp. 2013). The House Bill makes confidential any records "relating to a child who is charged with, is convicted of, is found not guilty of, had a charge dismissed for, or is granted deferred disposition for" such an offense.[6]

---

[5]Act of May 22, 2013, 83d Leg., R.S., ch. 1257, § 1, 2013 Tex. Sess. Law Serv. 3181, 3181 (to be codified at TEX. CODE CRIM. PROC. ANN. art. 44.2811 (West Supp. 2013)).

[6]Act of May 22, 2013, 83d Leg., R.S., ch. 1257, §§ 3–4, 2013 Tex. Sess. Law Serv. 3181, 3181–82 (to be codified at TEX. CODE CRIM. PROC. ANN. art. 45.0217 (West Supp. 2013); TEX. FAM. CODE ANN. § 58.00711 (West Supp. 2013)).

The conditions of the House Bill include both of the conditions of the Senate Bills.[7] Thus, a court that withholds a record pursuant to the Senate Bills would also be complying with the House Bill. Indeed, some records will be required to be withheld under the House Bill but not the Senate Bills. This does not mean, however, that withholding such records violates the Senate Bills, for noncompliance with a confidentiality statute occurs only if a court discloses a record that the statute requires to be withheld, and none of the amendments in the Senate Bills or the House Bill require the disclosure of records under any circumstances. A court, then, may simultaneously comply with the amendments of both the Senate Bills and the House Bill. Therefore, with respect to article 45.0217 and section 58.00711, the Senate Bills and the House Bill do not irreconcilably conflict. Because your second question assumes that a conflict exists, we do not address it.

In your third question, you ask whether the Senate Bills went into effect on September 1, 2013, and whether the provisions of the House Bill will supplant the provisions of the Senate Bills when it goes into effect on January 1, 2014. Request Letter at 3. The Senate Bills became effective on September 1, 2013.[8] Because the Senate Bills and the House Bill do not conflict, they will each be effective on January 1, 2014.

In your fourth question, you ask (1) whether the enactment of the House Bill means that all non-traffic, fine-only misdemeanor cases involving children in justice and municipal courts will need to be closed to the public, and (2) whether the dockets in such cases can be publicly posted. Request Letter at 3. The confidentiality statutes govern "[a]ll records and files and information stored by electronic means or otherwise, from which a record or file could be generated." TEX. CODE CRIM. PROC. ANN. arts. 44.2811 (West Supp. 2013), 45.0217(a) (describing "all records and files" as "including those held by law enforcement"); TEX. FAM. CODE ANN. § 58.00711(b) (West Supp. 2013). As amended by the House Bill, the statutes do not make live courtroom proceedings confidential, and the Code of Criminal Procedure generally provides that "[t]he proceedings and trials in all courts shall be public." TEX. CODE CRIM. PROC. ANN. art. 1.24 (West 2005); see also id. art. 45.041(d) (West Supp. 2013) ("All judgments, sentences, and final orders of the justice or judge shall be rendered in open court."). Thus, a court would likely conclude that the Senate Bills and the House Bill do not require that

---

[7] With regard to article 45.0217 and section 58.00711, the House Bill arguably makes the Senate Bills superfluous, and "[c]ourts 'do not lightly presume that the Legislature may have done a useless act' or enacted a meaningless statute." Tex. Att'y Gen. Op. No. GA-1014 (2013) at 2–3 (quoting Tex. Lottery Comm'n v. First Bank of DeQueen, 325 S.W.3d 628, 637 (Tex. 2010)). However, as discussed herein, the Senate Bills became effective on September 1, 2013, four months before the House Bill, indicating that the Legislature intended for the Senate Bills to operate independently during that time. Therefore, it cannot be said that the Legislature, in adopting the Senate Bills, "enacted a meaningless statute . . . ." If, in practice, the House Bill obviates the Senate Bills, the "wisdom or expediency of the law is the Legislature's prerogative." Smith v. Davis, 426 S.W.2d 827, 831 (Tex. 1968).

[8] Act of May 23, 2013, 83d Leg., R.S., ch. 1407, § 23, 2013 Tex. Sess. Law Serv. 3732, 3738 (Senate Bill 393); Act of May 16, 2013, 83d Leg., R.S., ch. 1319, § 5, 2013 Tex. Sess. Law Serv. 3501, 3502 (Senate Bill 394).

courtroom proceedings in all non-traffic, fine-only misdemeanor cases involving children be closed to the public.

A docket is subject to the confidentiality statutes to the extent that it is a "record" or a "file." *See, e.g., id.* arts. 44.2811(b), 45.0217(a). Because neither "record" nor "file" is defined in the Code of Criminal Procedure, a court will look to their common meanings and the context in which they are used for guidance. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). A "docket" can be defined both as a "formal record [of] all the proceedings and filings in a court case" and as a "schedule of pending cases." BLACK'S LAW DICTIONARY 552 (9th ed. 2009). The former is similar to "record" when that word is defined as "[t]he official report of the proceedings in a case, including the filed papers, a verbatim transcript of the trial or hearing (if any), and tangible exhibits." *Id.* at 1387. The "formal record" definition of docket is also analogous to "file," defined as "[a] court's complete and official record of a case." *Id.* at 704. Such dockets, therefore, are confidential as provided by the Senate Bills and the House Bill. By contrast, a "schedule" docket is merely an administrative instrument used by a court to provide general public notice of pending hearings and proceedings. As such, a court would likely conclude that such a "docket" is not a "record" or "file" subject to the confidentiality statutes.

## S U M M A R Y

Senate Bill 393, Senate Bill 394, and House Bill 528, enacted by the Eighty-third Texas Legislature, do not irreconcilably conflict. Senate Bills 393 and 394 became effective on September 1, 2013. House Bill 528 will become effective on January 1, 2014. A court would likely conclude that the enactment of House Bill 528 will not require that the proceedings of non-traffic, fine-only misdemeanor cases involving children in justice and municipal courts must be closed to the public.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee