

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 13, 2013

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-1017

Re:  Whether Family Code section 58.0071
authorizes the custodian of physical records
and files in a juvenile case to destroy hard
copies in particular instances (RQ-1119-GA)

Dear Ms. Yenne:

You ask for clarification regarding subsections of Family Code section 58.0071 which, in your view, "appear to conflict with one another."[1]  Section 58.0071 authorizes the destruction of certain physical records and files pertaining to juvenile cases, providing in pertinent part:

> (b) The custodian of physical records and files in a juvenile case may destroy the records and files if the custodian duplicates the information in the records and files in a computer file or information on microfilm, microfiche, or any other electronic storage media.
>
> (c) The following persons may authorize, subject to Subsections (d) and (e) . . . , the destruction of the physical records and files relating to a closed juvenile case:
>
> > (1) a juvenile board in relation to the records and files in the possession of the juvenile probation department;
> >
> > (2) the head of a law enforcement agency in relation to the records and files in the possession of the agency; and

---

[1]Letter from Honorable Jeri Yenne, Brazoria Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1, 3 (Mar. 28, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

(3) a prosecuting attorney in relation to the records and files in the possession of the prosecuting attorney's office.

(d) The physical records and files of a juvenile case may only be destroyed if the child who is the respondent in the case:

(1) is at least 18 years of age and:

(A) the most serious allegation adjudicated was conduct indicating a need for supervision;

(B) the most serious allegation was conduct indicating a need for supervision and there was not an adjudication; or

(C) the referral or information did not relate to conduct indicating a need for supervision or delinquent conduct and the juvenile court or the court's staff did not take action on the referral or information for that reason;

(2) is at least 21 years of age and:

(A) the most serious allegation adjudicated was delinquent conduct that violated a penal law of the grade of misdemeanor; or

(B) the most serious allegation was delinquent conduct that violated a penal law of the grade of misdemeanor or felony and there was not an adjudication; or

(3) is at least 31 years of age and the most serious allegation adjudicated was delinquent conduct that violated a penal law of the grade of felony.

(e) If a record or file contains information relating to more than one juvenile case, information relating to each case may only be destroyed if:

(1) the destruction of the information is authorized under this section; and

(2) the information can be separated from information that is not authorized to be destroyed under this section.

TEX. FAM. CODE ANN. § 58.0071(b)–(e) (West 2008). In your view, subsection (b) appears to authorize the custodian of physical records and files in a juvenile case to destroy the "hard copy" original paper records at any time if the custodian duplicates and stores the information electronically, while subsections (d) and (e) appear to require the custodian to first meet certain criteria set forth therein. Request Letter at 3. Given this apparent conflict, you ask whether the physical, original paper records of a juvenile case may ever be destroyed and, if so, when and under what conditions. *Id.* at 3–4.

In construing a statute, a court's "'ultimate purpose . . . is to discover the Legislature's intent,'" beginning "with the statute's text, relying whenever possible on the plain meaning of the words chosen." *Fresh Coat, Inc. v. K–2, Inc.*, 318 S.W.3d 893, 901 (Tex. 2010) (citations and footnotes omitted). In examining the text, a court will "[presume] that lawmakers intended what they enacted" and "that 'the entire statute is intended to be effective.'" *Id.* (citations and footnotes omitted); *see also* TEX. GOV'T CODE ANN. § 311.021(2) (West 2013). A court will read a statute "to avoid conflict and superfluities if possible." *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 432 (Tex. 2002). "Irreconcilable conflict involves a direct conflict such that a person cannot comply with both provisions." Tex. Att'y Gen. Op. No. GA-0470 (2006) at 2; *see also State v. Jackson,* 370 S.W.2d 797, 800 (Tex. Civ. App.—Houston 1963) (stating that statutes cannot be harmonized "only when" they are "directly and irreconcilably in conflict"), *aff'd*, 376 S.W.2d 341 (Tex. 1964). With these principles in mind, we examine Family Code section 58.0071.

We note at the outset the following definition in section 58.0071(a)(2): "'Physical records and files' include entries in a computer file or information on microfilm, microfiche, or any other electronic storage media." TEX. FAM. CODE ANN. § 58.0071(a)(2) (West 2008). The term "physical records and files" as used throughout section 58.0071 thus refers to a juvenile record in its entirety, collectively including both paper-based and electronic records and files. In subsection 58.0071(b), which authorizes the custodian of records in a juvenile case to destroy "records and files" so long as the custodian duplicates and stores the information in those files electronically, the Legislature does not use the defined term "physical records and files" in describing the items authorized to be destroyed. Instead subsection (b) refers simply to the destruction of "records and files." Thus, subsection 58.0071(b) authorizes not the permanent destruction of a record in its entirety, but merely the conversion of information from paper-based files into an electronic format.

In contrast, subsection 58.0071(c) authorizes the destruction of "physical records and files" under certain conditions. Because the term "physical records and files" encompasses paper-based and electronic records, subsection 58.0071(c) thus contemplates the permanent destruction of a juvenile record in its entirety if certain parameters are met. First, the custodian must be a juvenile board, law enforcement agency, or prosecuting attorney. Second, the record must pertain to a "closed juvenile case." Third, the destruction is "subject to Subsections (d) and (e) and any other restriction the person may impose." *Id.* § 58.0071(c); *see also id.* § 58.0071(d) (providing that "[t]he physical record and files of a juvenile case may only be destroyed" if the child has reached one of three age tiers, under which certain conditions regarding adjudication of the case must have been met), (e) (setting conditions for destruction "[i]f a record or file contains

information relating to more than one juvenile case"). Notably, subsection (b) makes no reference to the restrictions of subsections (d) and (e). *See Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012) (noting that a court "presumes the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact"). Thus, we presume that the Legislature intended not to impose the restrictions of subsections (d) and (e) to the destruction of paper-based records that will be maintained electronically pursuant to subsection (b).

In summary, the various subsections of Family Code section 58.0071 can each be given full effect without any conflict. Given the lack of conflict, a plain reading of the statute authorizes the custodian of physical records and files in a juvenile case to destroy hard-copy, original paper records and files at any time pursuant to subsection 58.0071(b) as long as the custodian electronically duplicates and stores the information in the records and files. To destroy juvenile records and files permanently, such that there remain no copies of the information in any format: (1) the custodian of records must be a juvenile board, law enforcement agency, or prosecuting attorney; (2) the records and files must pertain to a closed juvenile case; and (3) the restrictions of section 58.0071(d) and (e) must be met.

### S U M M A R Y

Family Code subsection 58.0071(b) authorizes the custodian of physical records and files in a juvenile case to destroy hard-copy, original paper records and files at any time if the custodian electronically duplicates and stores the information in the records and files.   Family Code subsection 58.0071(c) authorizes a juvenile board, law enforcement agency, or prosecuting attorney to permanently destroy paper-based and electronic records and files of closed juvenile cases subject to the restrictions of subsections 58.0071(d) and (e).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee