

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

February 3, 2016

The Honorable Larry Phillips
Chair, Committee on Homeland Security
   and Public Safety
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0062

Re: Questions relating to the position of Vice Chairman on the Maverick County Hospital District Board of Directors (RQ-0044-KP)

Dear Representative Phillips:

On behalf of the Maverick County Hospital District ("District") you ask three questions concerning the District's governance.[1] You first ask our opinion on the validity of the position of vice chair. Request Letter at 2. Assuming its validity, you then ask whether the vice chair automatically becomes the acting chair upon the chair's resignation. *Id.* Finally, you ask whether the vice chair continues as the acting chair until the District's board of directors appoints a new chair or until the expiration of the resigned chair's term. *Id.* at 3.

As background, you tell us that the chair of the District resigned from the board of directors ("board"). *See id.* at 2. You state that at a subsequent board meeting, "a dispute arose among the Board members as to whether the Vice Chairperson should automatically move into the Chairperson position." *Id.* You inform us that "[a] director also disputed whether the Vice Chairperson position was valid since the District's enabling legislation, Chapter 1118 of the Texas Special District Code, did not specifically provide for the position of Vice Chairperson, even though the Bylaws authorize such a position." *Id.* With this background, we consider your questions.

The District is a hospital district created under the authority of article IX, section 9 of the Texas Constitution by special law codified at Special District Local Laws Code chapter 1118. *See* TEX. SPEC. DIST. CODE §§ 1118.001–.253, .002 (noting creation under article IX, section 9 and citing Act of Apr. 29, 1965, 59th Leg., R.S., ch. 172, § 1, 1965 Tex. Gen. Laws 360, 360); *see also* TEX. CONST. art. IX, § 9. Such a district may exercise only those powers that are "expressly delegated to it by the legislature, or which exist by clear and unquestioned implication." *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 946 (Tex. 1940); *see also Jackson Cty. Hosp. Dist. v. Jackson Cty. Citizens for Continued Hosp. Care*, 669 S.W.2d 147, 154 (Tex. App.—

---

[1]*See* Request Letter from Honorable Larry Phillips, Chair, House Comm. on Homeland Sec. & Pub. Safety, to Honorable Ken Paxton, Tex. Att'y Gen. at 2–3 (Aug. 14, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Corpus Christi 1984, no writ). Implied powers are those that are "indispensable to . . . . the accomplishment of the purposes" for which the special district is created. *Tri-City Fresh Water Supply Dist. No. 2*, 142 S.W.2d at 947.

Article IX, section 9 generally provides that the purpose of a hospital district is to provide "medical and hospital care for its needy inhabitants." TEX. CONST. art. IX, § 9; *see also* TEX. SPEC. DIST. CODE § 1118.101(a)–(b) (providing that "district has the responsibility of undertaking [and shall undertake] any measure, consistent with Section 9, Article IX, . . . and this chapter, that the board determines is necessary to provide hospital and medical care to the district's needy residents"). Yet, article IX, section 9 is silent regarding the governance of the hospital districts created thereunder. *See* TEX. CONST. art. IX, § 9. Relevant to the District's governance, chapter 1118 of the Special District Local Laws Code provides that the District's board, "elected by district voters," shall consist of five members and that the "board shall elect from among its members a president, a secretary, and a treasurer." TEX. SPEC. DIST. CODE §§ 1118.051(a), .055. Because of the use of the word "shall," section 1118.055 imposes a mandatory requirement that the District elect a president, secretary, and treasurer. *See id.* § 1118.055; *see also* TEX. GOV'T CODE § 311.016 ("'Shall' imposes a duty."). The silence of section 1118.055 regarding the office of vice chair means only that the District is not required to elect a vice chair: It does not serve as a prohibition against the election of a vice chair.

Section 1118.105 authorizes the District to adopt rules "for the efficient operation of the district." TEX. SPEC. DIST. CODE § 1118.105(a); *see also id.* § 1118.101. This office has said that special districts and political subdivisions may adopt governance rules under such authority provided that the rules are consistent with other applicable constitutional and statutory provisions. *See* Tex. Att'y Gen. Op. Nos. GA-0412 (2006) at 2 (stating that hospital district may adopt Robert's Rules of Order to govern its meetings), DM-228 (1993) at 3 (recognizing that a commissioners court may adopt reasonable rules that are consistent with relevant law to govern its meetings). You tell us that pursuant to this authority the District has adopted bylaws to provide for the governance of the District, which bylaws provide that Robert's Rules of Order shall govern parliamentary procedure. *See* Request Letter at 5–6. The bylaws provide for the election of a vice chair. *See id.* at 4; *see also id.*, Appendix D § 5.1 (Bylaws, Board of Directors, Maverick Cty. Hosp. Dist.) (on file with the Op. Comm.). To the extent the position of vice chair promotes efficient operation of the District by allowing for the continued governance of the board in the absence of the chair and thus serves the District's purpose of providing medical and hospital care for the needy inhabitants, providing for the office of vice chair is within the scope of the District's implied powers. Moreover, a rule adopted pursuant to section 1118.105 to provide for the election of a vice chair differs from but does not conflict with section 1118.055, which neither requires nor prohibits the position of vice chair. *See* Tex. Att'y Gen. Op. No. GA-1079 (2014) at 3 (recognizing that an irreconcilable conflict involves a direct conflict such that "it is impossible to comply with both provisions at the same time") (citing *State v. Jackson*, 370 S.W.2d 797, 800 (Tex. Civ. App.— Houston [1st Dist.] 1963), *aff'd*, 376 S.W.2d 341 (Tex. 1964)); *see also* Tex. Att'y Gen. Op. No. GA-0369 (2005) at 4 ("Mere difference is insufficient to constitute an irreconcilable conflict."). Accordingly, a court would likely conclude that the position of vice chair on the District's board is valid.

        Your remaining questions concern the role and duties of the vice chair upon the resignation of the chair. Request Letter at 2–3. Chapter 1118 provides that directors serve staggered four-year terms. TEX. SPEC. DIST. CODE § 1118.051(b). It also provides that the board shall elect its officers at the first meeting after each director's election. *Id.* § 1118.055. Thus, if some directors are elected by District voters in an election every two years, then the board shall elect its officers as frequently. But as chapter 1118 does not provide for the position of vice chair, it does not expressly outline the role of the vice chair after the resignation of the chair. Thus, your remaining questions involve only the District's governance documents and are not questions determined purely by reference to Texas statutes or the constitution. The bylaws of a special district are analogous to the charter of a municipality in that they are the governing documents for the different entities. And this office typically does not construe municipal charters out of deference to the city official's authority to construe their own charter. Tex. Att'y Gen. Op. No. JC-0035 (1999) at 3. Accordingly, we do not address these questions and instead leave it to the District's board to determine the role and duties of the vice chair upon the resignation of the chair.

## S U M M A R Y

A court would likely conclude that the position of vice chair on the board of the Maverick County Hospital District is valid.

Absent guidance from chapter 1118 of the Special District Local Laws Code, questions regarding the role and duties of the vice chair upon the resignation of the chair are for the District's board to resolve.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee